## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

ANTHONY WHITFIELD, individually and on
behalf of a class of all persons and entities
similarly situated,

               Plaintiff,

vs.

PRIME AGENCY, LLC.,

               Defendant.

Case No.

---

## CLASS ACTION COMPLAINT

### Preliminary Statement

1.      "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2.      "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry

stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people.  The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace."  *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3.    Plaintiff Anthony Whitfield ("Plaintiff") brings this action under the TCPA alleging that Prime Agency, LLC ("Defendant") contacted Plaintiff, whose number is on the National Do Not Call Registry. Those calls were made without the call recipient's prior express written consent.

4.    Because the calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who were sent the same illegal telemarketing calls.

5.    A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

6.     Plaintiff Anthony Whitfield is a person residing in this District

7.     Defendant is a limited liability insurance company headquartered in Boca Raton, Palm Beach County, Florida.

## Jurisdiction & Venue

8.     The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

9.     This Court has specific jurisdiction and venue is proper as Plaintiff resides in this District.

## The Telephone Consumer Protection Act

10.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

11.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

12.     A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

13.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of

action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## Factual Allegations

14.     Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

15.     Plaintiff's cellular telephone number, (267) XXX-XXX, is a non-commercial telephone number.

16.     The number is a residential telephone line because it is assigned to a residential cellular telephone exchange service for consumers and is not assigned to a telephone exchange service for businesses.

17.     Plaintiff uses his cellular telephone number for personal use only as one would use a landline telephone number in a home.

18.     Plaintiff uses his cellular telephone primarily to communicate with friends and family, and also to schedule personal appointments and for other household purposes.

19.     Plaintiff does not have a landline in his home.

20.     Plaintiff does not have any other telephone number.

21.     Plaintiff pays for his Boost Mobile cellular telephone plan by himself and is not reimbursed by a business.

22.     Plaintiff's cellular telephone number has never been associated with a business.

23.     Plaintiff has never used his cellular telephone number in any business or marketing materials.

24.     Plaintiff's telephone number has been listed on the National Do Not Call Registry since September 17, 2025.

4

25.     Plaintiff has never been a customer of Defendant, never did business with Defendant, nor asked or inquired to be a customer of Defendant.

26.     Despite that, Plaintiff received at least two calls from Defendant in November 2025.

27.     On November 7, Defendant called Plaintiff from caller ID (267) 287-9845.

28.     Plaintiff rejected the call.

29.     On November 13, Defendant called Plaintiff from the same telephone number.

30.     Plaintiff answered the call and spoke with an agent named Lamarre Touissaint.

31.     During the call, Mr. Touissant solicited Defendant's insurance plans and offerings and provided a call back number of (863) 862-9643.

32.     After the call ended, Plaintiff called (863) 862-9643 and spoke with an individual who confirmed that the Defendant's business was Prime Agency, LLC located in Boca Raton, Florida.

33.     Plaintiff also confirmed Mr. Touissant was employed by Defendant.

34.     The purpose of the calls was to solicit the Defendant's business.

35.     Plaintiff never consented to receive calls or text messages from Defendant.

36.     The aforementioned calls to Plaintiff were unwanted.

37.     The calls were nonconsensual encounters.

38.     Plaintiff's privacy has been violated by the above-described telemarketing calls.

39.     Plaintiff never provided his consent or requested the calls.

40.     Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because the phone line was tied up, and

their privacy was improperly invaded. Furthermore, the calls unnecessarily used battery life, storage space, bandwidth, and wear and tear.

41.     Moreover, these calls injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff and the class.

## Class Action Statement

42.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

43.     Plaintiff brings this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

44.     Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> **National Do Not Call Registry Class:** All persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call, text message, or combination thereof, from Defendant or a third party acting on Defendant's behalf; (3) within a 12-month period; (4) within the four years prior to the filing of the Complaint.

45.     Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Class as he has no interests that conflict with any of the Class members.

46.     Excluded from the Class are counsel, Defendant, and any entities in which Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

47.     Plaintiff and all members of the Class have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of

their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

48.     This Class Action Complaint seeks injunctive relief and money damages.

49.     The Class as defined above, are identifiable through Defendant's dialer records, other phone records, and phone number databases.

50.     Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

51.     The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

52.     Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

53.     There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

54.     There are numerous questions of law and fact common to Plaintiff and to the proposed Class including, but not limited to, the following:

   a.  Whether Defendant made multiple calls to Plaintiff and members of the National Do Not Call Registry Class;

   b.  Whether Defendant's conduct constitutes a violation of the TCPA; and

   c.  Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

55.     Further, Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests which are antagonistic to any member of the Class.

56.     Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class, and have the financial resources to do so.

57.     Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or its agents.

58.     The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

59.     Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## FIRST CAUSE OF ACTION

**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do Not Call Registry Class)**

60.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

61.     The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227. by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

62.     Defendant's violations were negligent, willful, or knowing.

63.    As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are entitled to an award of up to $500 and in damages for each and every call made and up to $1,500 in damages if the calls are found to be willful.

64.    Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.    Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, to any residential number on the National Do Not Call Registry in the future;

B.    That the Court enter a judgment awarding Plaintiff and all Class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

C.    An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing a Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

D.      Such other relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff requests a jury trial as to all claims of the complaint so triable.


RESPECTFULLY SUBMITTED AND DATED this January 19, 2026.

By: */s/ Jeremy C. Jackson*
Jeremy C. Jackson (PA Bar No. 321557)
BOWER LAW ASSOCIATES, PLLC
403 S. Allen St., Suite 210
State College, PA 16801
Tel.: 814-234-2626
jjackson@bower-law.com

Anthony I. Paronich, *Subject to Pro Hac Vice*
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com