IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**ANTHONY WHITFIELD,**

PLAINTIFF,

V.                    CIVIL ACTION NO.2-26-CV-00327-KNS

**PRIME AGENCY, LLC,**

DEFENDANT

**DEFENDANT'S MOTION TO DISMISS UNDER RULES 12(b)(1) AND 12(b)(6)**

Defendant Prime Agency, LLC ("Defendant") moves to dismiss the Complaint in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff lacks Article III standing, fails to plead a plausible claim under the TCPA, and fails to allege facts establishing that Defendant made, authorized, or benefited from any alleged call.

In support, Defendant states:

**I. INTRODUCTION**

This lawsuit is built on speculation, assumptions, and legal conclusions masquerading as facts. Plaintiff claims he received two calls from a phone number he assumes is connected to Defendant, and that an individual he spoke with was supposedly Defendant's employee. The Complaint contains no factual allegations tying Defendant to the calls, no allegations of any automated system, no allegations of any telemarketing campaign, and no allegations establishing that Plaintiff suffered a concrete injury.

The Complaint is a textbook example of a TCPA fishing expedition. It should be dismissed.

**II. PLAINTIFF LACKS ARTICLE III STANDING (Rule 12(b)(1))**

To establish standing, Plaintiff must plead a concrete injury. He has not.

Plaintiff alleges only:

- "annoyance,"

- "frustration,"

- "nuisance,"

- "disturbed solitude,"

- "temporary deprivation of phone use."

These are not concrete <u>injuries</u> under <u>TransUnion LLC v. Ramirez,</u> 141 S. Ct. 2190 (2021).

Courts routinely dismiss TCPA claims where plaintiffs allege only fleeting irritation or de minimis harm.

Plaintiff's allegations are precisely the type of "no-injury" claims federal courts reject.

### III. PLAINTIFF FAILS TO STATE A TCPA CLAIM (Rule 12(b)(6))

Defendant supports their motion to dismiss with the following:

<u>A. Plaintiff Fails to Plausibly Allege Defendant Made the Calls</u>

Plaintiff alleges that "Plaintiff called (863) 862-9643 and spoke with an individual who confirmed that the Defendant's business was Prime Agency, LLC." This is conclusory, hearsay-based, and insufficient. Plaintiff does not allege:

- the caller identified himself as Defendant's agent,

- the caller used Defendant's script,

- the caller referenced Defendant's products,

- the caller used Defendant's systems,

- the caller was authorized to act for Defendant.

The Complaint contains zero factual allegations connecting Defendant to the calls.

B. Plaintiff Fails to Allege a "Residential Subscriber"

Plaintiff uses a cell phone, not a landline. Courts hold that merely labeling a mobile number "residential" is insufficient.

The Complaint contains only self-serving statements such as:

"Plaintiff uses his cellular telephone primarily to communicate with friends and family."

This does not transform a mobile device into a "residential telephone subscriber" under § 227(c).

C. Plaintiff Fails to Allege a "Telephone Solicitation"

Plaintiff alleges no facts showing specifically the following:

- the purpose of the call was to sell anything,

- the caller referenced a product,

- the caller attempted to complete a transaction.

The Complaint merely states:

"Mr. Touissant solicited Defendant's insurance plans."

This is ambiguousm, conclusory and unsupported as an averment.

D. Plaintiff Fails to Allege Any Willful or Knowing Violation

Plaintiff pleads no facts showing Defendant knew his number was on the DNC Registry.

## IV. THE COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE

Plaintiff cannot cure the defects because the allegations are speculative and unsupported.

Dismissal with prejudice is warranted.

WHEREFORE, Defendant respectfully requests dismissal of the Complaint with prejudice.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**ANTHONY WHITFIELD,**

PLAINTIFF,

V.                    CIVIL ACTION NO.2-26-CV-00327-KNS

**PRIME AGENCY, LLC,**

DEFENDANT

## MOTION TO STRIKE CLASS ALLEGATIONS

## DEFENDANT'S MOTION TO STRIKE CLASS ALLEGATIONS

## UNDER RULES 12(f) AND 23(d)(1)(D)

Defendant moves to strike all class allegations because:

1. Individualized issues predominate (consent, purpose of call, identity of caller).

2. Plaintiff is not typical—he uses a mobile phone, not a residential line.

3. Plaintiff cannot represent a nationwide class based on alleged calls from a single unidentified caller.

4. Ascertainability is impossible—Plaintiff cannot identify who allegedly called him, let alone thousands of others.

5. Plaintiff lacks standing, and a class cannot be certified where the named plaintiff has no injury. The class allegations are facially defective and should be stricken now.

**DEFENDANT'S ANSWER TO THE COMPLAINT**

Defendant denies every allegation not expressly admitted.

    A. General Denials

The Defendant generally denies:

• that it made any call to Plaintiff,

- that any agent acted on its behalf,
- that Plaintiff suffered any injury,
- that Plaintiff is a residential subscriber,
- that any call was a "telephone solicitation,"
- that any call violated the TCPA.

    B.  Specific Denials

Defendant denies the allegations in ¶¶ 1–64, including Plaintiff's quotations, characterizations, and legal conclusions.

IV. COUNTERCLAIM FOR DECLARATORY JUDGMENT

### COUNTERCLAIM FOR DECLARATORY JUDGMENT OF NON-LIABILITY

Defendant asserts a counterclaim under 28 U.S.C. § 2201 and states:

1. An actual controversy exists regarding whether Defendant made or authorized the alleged calls.

2. Defendant denies making any such calls.

3. Plaintiff's allegations create uncertainty and harm Defendant's business reputation.

4. Defendant seeks a declaration that it did not make the alleged calls, it is not liable under the TCPA, Plaintiff suffered no cognizable injury.

WHEREFORE, Defendant requests a declaratory judgment of non-liability.

Respectfully submitted,

*/s/*

MARK THOMAS SOPHOCLES, LLC

Dated: 2-16-26