IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**ANTHONY WHITFIELD,**

PLAINTIFF,

V.             CIVIL ACTION NO.2-26-CV-00327-KNS

**PRIME AGENCY, LLC,**

DEFENDANT

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT PRIME AGENCY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Defendant Prime Agency, LLC respectfully moves to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff alleges a violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, based on a single call allegedly placed to Plaintiff's cellular telephone. The claim is legally and factually defective for multiple independent reasons. First, Plaintiff's claim is premised on the National Do Not Call Registry ("DNC") reflecting Plaintiff's registration within 31 days. But Plaintiff alleges that a federal government shutdown delayed processing beyond 31 days. Under those alleged facts, Plaintiff cannot plausibly plead a violation attributable to Defendant. The TCPA cannot be construed to impose liability where compliance was impossible due to government inaction and where Plaintiff's own allegations establish that the registry was not timely updated through no fault of Defendant.

Second, Plaintiff fails to plead a concrete injury sufficient for Article III standing. Plaintiff alleges only a single call and pleads no real-world harm beyond a bare statutory violation.

Third, Plaintiff pleads ATDS use only in conclusory terms, contrary to Facebook, Inc. v. Duguid, 592 U.S. 395 (2021).

Accordingly, the Complaint should be dismissed.

**I. INTRODUCTION**

This TCPA case is based on one call. But the Complaint's own allegations defeat the claim. Plaintiff alleges that Plaintiff registered a number on the National Do Not Call Registry, and that the registration should have been effective within 31 days. Plaintiff also alleges that a federal government shutdown delayed processing beyond 31 days. Those allegations are fatal. The TCPA's DNC provisions cannot be construed to impose liability on callers based on a registry delay caused by the federal government. The statute requires compliance with the registry as it exists and is made available. It does not impose strict liability for delays in government processing of consumer registrations. Even apart from this dispositive defect, Plaintiff pleads no concrete injury (only one call), and fails to plead plausible facts supporting the statutory definition of an ATDS after Duguid. Dismissal is thus warranted.

**II. FACTUAL ALLEGATIONS (AS PLED)**

The Defendant in moving this Court offers the following summary of allegations of Plaintiff s the following claims and allegations in the Complaint:

- Plaintiff registered a cellular telephone number on the National Do Not Call Registry.
- Plaintiff alleges that DNC registration becomes effective within 31 days.
- Plaintiff alleges that a federal government shutdown delayed processing of Plaintiff's registration beyond 31 days.
- Plaintiff alleges Defendant placed one call to Plaintiff's cellular number on or about [date].

- Plaintiff alleges the call violated the TCPA.

- Plaintiff alleges no prerecorded voice, no repeated calls, and no damages beyond statutory damages.

## III. LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. **Ashcroft v. Iqbal**, 556 U.S. 662, 678 (2009). The Court is not required to accept legal conclusions or conclusory allegations. Id. A claim must also be dismissed where the complaint's own allegations establish an affirmative defense or otherwise show that the plaintiff is not entitled to relief. See generally Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570. The allegations made by Plaintiff's Complaint lack sufficient facts even if accepted as true to make a facially plausible claim.

## IV. ARGUMENT

A. Plaintiff's Allegations Establish That the DNC Registry Was Not Timely Updated Due to a Federal Government Shutdown, and the TCPA Does Not Impose Liability for Government Processing Delays. Plaintiff's TCPA claim is based on the theory that Defendant called a number that was registered on the National Do Not Call Registry. But Plaintiff also alleges that Plaintiff's registration was delayed beyond the standard 31-day period due to a federal government shutdown. In other words, Plaintiff's own pleading concedes that the registry did not timely reflect Plaintiff's registration because of government delay. The TCPA does not impose liability on callers for government-caused processing delays. The statute and implementing regulations contemplate that callers must consult the registry as maintained and made available through the FTC's process. Liability cannot attach where the registry itself—by Plaintiff's own allegation—was not updated in the ordinary course due to circumstances outside the caller's control. Construing the TCPA

otherwise would convert the statute into a strict-liability regime where callers are liable even when the federal government fails to timely process registrations. That interpretation is inconsistent with both the statutory scheme and basic principles of fairness and due process. The Defendant also avers and believes that the consent of the Plaintiff to receive the alleged violative call(s) renders any violation as moot and expressly deny any violation.

Accordingly, Plaintiff's allegations fail to state a claim as a matter of law.

**B. Plaintiff's Theory Fails Under Impossibility and Fundamental Fairness Principles Embedded in Federal Statutory Interpretation**

Even where a statute is designed to protect consumers, courts do not interpret federal statutes to impose liability for noncompliance that was impossible due to government action or inaction. Here, Plaintiff's allegations make clear that the alleged "violation" is the product of a government shutdown delaying DNC registration processing beyond the standard timeframe. Defendant cannot be held liable for failing to comply with a registry that the federal government itself failed to update. Because Plaintiff's own allegations establish that compliance was impossible or not legally meaningful under the circumstances, Plaintiff fails to state a claim.

C. **Plaintiff Also Fails to Plead a Concrete Injury for Article III Standing (Single Call; No Harm Alleged)**

Independently, Plaintiff fails to plead a concrete injury as stated herein thus lacks standing to bring this cause of action. Plaintiff alleges only one call and does not plead any real-world harm such as: charges incurred, loss of use, time wasted, disruption of sleep or work, or emotional distress. Under Spokeo, Inc. v. Robins, 578 U.S. 330 (2016), and TransUnion LLC v. Ramirez, 594 U.S. 413 (2021), a plaintiff must plead a concrete injury even in the context of a statutory claim. A bare statutory violation, divorced from any concrete harm, is insufficient. Plaintiff's conclusory

allegation that the call was "invasion of privacy" is not supported by facts establishing an intrusion analogous to the tort of intrusion upon seclusion, which requires conduct that would be highly offensive to a reasonable person. Restatement (Second) of Torts § 652B.

**Standing Requirements**

The following decisions are binding upon the litigants in the instant action and render the Plaintiff's claims legally flawed and incapable of establishing the requisite "injury" or "concrete" injury to establish requisite standing to bring this cause of action thus rendering the matter subject to dismissal. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992) (Injury must be "concrete and particularized" and "actual or imminent."); Spokeo, Inc. v. Robins, 578 U.S. 330, 340–41 (2016) (Bare procedural violations are insufficient.) and TransUnion, 141 S. Ct. at 2204 ("No concrete harm, no standing.")

**Facial Challenge Standard**

While it is generally accepted that at this stage of the litigation, this honorable court must accept as true well-pled factual averments, the Court does not and should not accept and make legal conclusion derived therefrom as set forth in Common Cause of Pa. v. Pennsylvania, 558 F.3d 249, 257 (3d Cir. 2009) wherein the Court accepts well-pleaded facts but not legal conclusions. A facial challenge requires the Court to accept factual allegations as true, but it does not require the Court to credit Plaintiff's legal conclusions or speculative assertions. Common Cause, 558 F.3d at 257.

**III. Argument**

**A. Plaintiff Alleges No Concrete Injury**

As confirmed by the following salient and directly related Third Circuit Cases applying the scant averments in the Plaintiff's Civil Action Complaint, there are insufficient and sparse allegations of a concrete injury rendering the Defendant's Motion to Dismiss as appropriate given the averments. See <u>Mauthe v. Optum Inc.</u>, 925 F.3d 129, 133–34 (3d Cir. 2019) that stands for the proposition that "No standing where plaintiff alleged wasted time and annoyance from a fax."  Also in <u>Susinno v. Work Out World</u>, 862 F.3d 346, 351–52 (3d Cir. 2017) the holding that standing existed only because the call left a prerecorded voicemail—qualitatively different is on-point to lay bare the standing required by Plaintiff but lacking herein.  Also, in <u>Wilson v. Quest Diagnostics</u>, 2022 WL 17152188, at 4 (E.D. Pa. Nov. 22, 2022) the holding and distinction between "Annoyance" and "nuisance" from a single call is determined to be  insufficient to establish the requisite concrete injury needed for standing.  Similarly in <u>Smith v. Vision Solar LLC,</u> 2023 WL 5607458, at 5 (E.D. Pa. Aug. 30, 2023) the Court found that two calls was facially lacking and insufficient to establish concrete harm (or injury) needed to establish standing. Courts in this Circuit have repeatedly held that allegations of "annoyance," "frustration," or "nuisance" do not constitute a concrete injury. See **<u>Mauthe</u>**, 925 F.3d at 133–34; Wilson, 2022 WL 17152188, at *4. Plaintiff's allegations fall squarely within this category of non-actionable, de minimis grievances.

**B. No Close Historical Analogue**

The Courts in this Circuit also mandate that there must be more than just intangible (and undefined/insufficient) harm needed to have a basis to bring these claims. See <u>TransUnion</u>, 141 S. Ct. at 2204 holding that Intangible harms must have a close relationship to traditional torts. Also, see <u>Gadelhak v. AT&T Services</u>, 950 F.3d 458, 462–63 (7th Cir. 2020) finding insufficient the intangible multiple unwanted texts required for intrusion-type harm.). Similarly, the Court in

Samuel v. U.S. Bank, 2022 WL 3904510, at 6 (E.D. Pa. Aug. 31, 2022) determining like the case at bar the insufficiency of one call insufficient to analogize to intrusion upon seclusion.) In conclusion, consistent with the above holdings because Plaintiff pleads no facts showing a concrete injury, dismissal is warranted.

**C. Plaintiff's ATDS Allegations Are Conclusory Under Duguid**

Defendant also asserts that the lack of factual averments in the Complaint regarding the automated nature of the alleged calls fails to establish the requisite random or sequential nature of any alleged automatic dialer system as required. Plaintiff also alleges, on information and belief, that Defendant used an ATDS. After Facebook, Inc. v. Duguid, an ATDS must use a random or sequential number generator. 592 U.S. 395, 402 (2021). Plaintiff pleads no facts suggesting random or sequential number generation, mass dialing, lack of human intervention, or any technical basis for ATDS use. A conclusory allegation is insufficient under Twombly/Iqbal. The claim should be dismissed on this basis as well.

**V. CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court dismiss the Complaint pursuant to Rule 12(b)(6), with prejudice, or alternatively without prejudice and with leave to amend.

Respectfully submitted,

MARK THOMAS SOPHOCLES, LLC

Dated: 2-16-26

By: _____

- that any agent acted on its behalf,
- that Plaintiff suffered any injury,
- that Plaintiff is a residential subscriber,
- that any call was a "telephone solicitation,"
- that any call violated the TCPA.

    B.  Specific Denials

Defendant denies the allegations in ¶¶ 1–64, including Plaintiff's quotations, characterizations, and legal conclusions.

IV. COUNTERCLAIM FOR DECLARATORY JUDGMENT

### COUNTERCLAIM FOR DECLARATORY JUDGMENT OF NON-LIABILITY

Defendant asserts a counterclaim under 28 U.S.C. § 2201 and states:

1. An actual controversy exists regarding whether Defendant made or authorized the alleged calls.

2. Defendant denies making any such calls.

3. Plaintiff's allegations create uncertainty and harm Defendant's business reputation.

4. Defendant seeks a declaration that it did not make the alleged calls, it is not liable under the TCPA, Plaintiff suffered no cognizable injury.

WHEREFORE, Defendant requests a declaratory judgment of non-liability.

Respectfully submitted,

MARK THOMAS SOPHOCLES, LLC

Dated: 2-16-26

By: _____/s/ Mark T. Sophocles_____

MARK T. SOPHOCLES, ESQUIRE

ATTORNEY FOR DEFENDANT

PRIME AGENCY, LLC

PA BAR NO. 74998

21 INDUSTRIAL BLVD., SUITE 201

PAOLI, PA 19301

TELEPHONE: 610.651.0105

EMAIL: MARK@SOPHOCLESLAW.COM