UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY WHITFIELD, individually and on behalf of others similarly situated, Plaintiff, <br><br> v. <br><br> PRIME AGENCY, LLC <br> Defendant | : <br> : <br> : <br> : CIVIL ACTION NO. 2:26-CV-00327 <br> : <br> : <br> : |

**DEFENDANT PRIME AGENCY LLC'S MEMORADJNUM OF LAW IN SUPPORT OF MOTION PURSUANT TO RULE 15 (A) 2 FOR LEAVE TO WITHDRAW MEMORANDUM OF LAW IN SUPPORT OF RULE 12 B (6) MOTION TO DISMISS (ECF. No. 7) AND SUBSTITUTE WITH THE CORRECTED FILING**

Defendant, Prime Agency, LLC, by and through undersigned counsel, hereby files this Memo of law in support of the Motion for leave to withdraw the inadvertently filed portion of the Memorandum of Law draft version of Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) that was inadvertently filed on the docket (ECF No. 7).and to substitute the corrected version of the motion. In support thereof, Defendant states as follows:

**I. PRELIMINARY STATEMENT**

Defendant Prime Agency, LLC submits this Memorandum in support of its Motion for Leave to Withdraw its previous Memorandum of Law [ECF No. 07] and file an Amended Memorandum. This request is necessitated by the discovery of inadvertent citation errors in the original filing. Because this motion is made in good faith, early in the litigation, and without prejudice to the Plaintiff, leave to amend is appropriate under Federal Rule of Civil Procedure 15(a)(2).

**II. RELEVANT BACKGROUND**

    A. On February 16, 2026 Defendant filed a Motion to Dismiss under Rule 12(b)(6). Due to a clerical oversight, the supporting memorandum contained several incorrect or

"placeholder" case citations. Defendant now seeks to correct the record to ensure the Court is provided with the accurate legal authorities necessary to adjudicate the pending 12(b)(6) motion.

B. On February 16, 2026, Defendant Prime Agency, LLC filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) that inadvertently included a draft but not final Memorandum of Law. (ECF No. 7).

C. Due to a clear error by Counsel for Defendant i.e. clerical uploading filing, the document submitted to the Court was an earlier draft version of the memorandum of law in support of the motion rather than the finalized version intended for filing and did not include the correct citations.

D. Defendant discovered the error on March 10, 2026 shortly after receiving the Plaintiff's response to the filing and promptly prepared the correct version of the motion with memorandum of law.

E. The Defendant articulates the same legal basis, theories etc. but seeks only to correct incorrect citations that were inadvertently uploaded as part of the memorandum and clearly were mistaken as three (3) erroneous citations should have been deleted from the filing

## III. LEGAL STANDARD

Under Fed. R. Civ. P. 15(a)(2), a party may amend its pleading with the court's leave, and "[t]he court should freely give leave when justice so requires" since the Third Circuit has adopted a robust policy in favor of liberal amendment. As stated in ***Dole v. Arco Chem. Co.***, 921 F.2d 484, 486–87 (3d Cir. 1990), leave to amend must be granted in the absence of "undue delay, bad faith or dilatory motive on the part of the movant... [or] undue prejudice to the opposing party." Furthermore, the

Third Circuit emphasizes that "the pleading philosophy of the Rules" is that "a party should be afforded an opportunity to test his claim on the merits." ***Foman v. Davis***, 371 U.S. 178, 182 (1962).

## IV. ARGUMENT

A. There is No Undue Delay or Bad Faith

While 23 days have passed since the original filing, this does not constitute "undue delay" in the context of federal litigation. Defendant moved to correct the record immediately upon discovery of the errors. There is no "bad faith" here; the amendment is sought solely to ensure technical accuracy and to assist the Court recognizing the mistake and inadvertence that Counsel for Defendant acknowledges

B. Plaintiff Will Suffer No Prejudice

There is no prejudice on the part of the Plaintiff by the Court granting this request. The "touchstone" for denying leave to amend is prejudice to the non-moving party. ***Lorenz v. CSX Corp.***, 1 F.3d 1406, 1414 (3d Cir. 1993). The ***Lorenz*** case concluded that undue delay existed where a party sought amendment three years after the original complaint and two years after the first amended complaint when the moving party knew of the facts on which the proposed amendment was based at the time of the prior pleadings. There is no delay or undue delay exiting here, Counsel for Movant would have been permitted to file an amended pleading within 21 days but gave Plaintiff a week extension to file the Plaintiff Response to the Motion to Dismiss thus precluding the matter of course right to amend provided by FRCP Rule 15 (A) that allows parties to "amend as a matter of course within (A) 21 days after serving it. Here, Plaintiff: has only recently filed an opposition (i.e. on March 10, 2026. The core legal theories of the 12(b)(6) motion remain identical;

only the supporting citations are being corrected. Therefore, Plaintiff is not required to "re-do" any significant work and the legal issues and arguments remain identical.

C. The Amendment is Not Futile

The amendment is not "futile" because it strengthens the technical validity of a potentially dispositive motion. Correcting citations ensures that the Court can properly apply the *Twombly/Iqbal* standard to the Complaint.

V. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant leave to withdraw the previous Memorandum and file the Amended Memorandum of Law.

**WHEREFORE**, Defendant respectfully requests that the Court enter an Order:

    a. Granting Defendant leave to withdraw the draft Motion to Dismiss filed at ECF No. 7;

    b. Permitting Defendant to file the corrected Motion to Dismiss attached as Exhibit A;

    c. Granting such other relief as the Court deems appropriate.

Respectfully submitted,

MARK THOMAS SOPHOCLES, LLC

MARK T. SOPHOCLES, ESQUIRE
PA ATTY I.D. 74998
21 INDUSTRIAL BLVD., SUITE 201
PAOLI, PA 19301
PHN: 610-651-0105
FAX: 610-651-0106
MARK@SOPHOCLESLAW.COM
*ATTORNEY FOR DEFENDANT,*
*PRIME AGENCY, LLC*