# EXHIBIT "A"

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY WHITFIELD, individually and on behalf of others similarly situated, Plaintiff, | : : : |
| v. | : CIVIL ACTION NO. 2:26-CV-00327 |
| | : |
| PRIME AGENCY, LLC Defendant | : : |

### DEFENDANT PRIME AGENCY, LLC'S AMENDED MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

Defendant Prime Agency, LLC submits this Amended Memorandum of Lawin support of the Motion to Dismiss (ECF No. 7) wherein Defendant moves this Court to Dismiss the Complaint based upon the Complaint's fundamental deficiencies that fail to establish a cogent injury as required to establish Article III standing thus supporting dismissal. As alleged, the Complaint asserts that Plaintiff's number appeared on the National Do Not Call Registry in September 2025 and that Defendant allegedly placed two calls in November 2025. Even assuming those allegations are true, they do not plausibly establish any TCPA violation or does the Complaint articulate genuine Article III standing due to a lack of injury.

### I. PLAINTIFF'S DO-NOT-CALL THEORY REMAINS DEFICIENT

The Plaintiff's Complaint is bereft of facts establishing any specific statutory violation and is devoid of plausible facts that even if all reasonable inferences drawn therefrom are deemed to be true lack any plausible entitlement to relief or injury that would give rise to Article III standing. To survive Rule 12(b)(6), a complaint must contain factual allegations sufficient to state a claim that is plausible on its face, not merely conceivable. ***Bell Atl. Corp. v. Twombly***, 550 U.S. 544,

570 (2007); **Ashcroft v. Iqbal,** 556 U.S. 662, 678 (2009). The Third Circuit has repeatedly emphasized that courts must disregard legal conclusions and determine whether the remaining factual allegations plausibly establish liability. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). Instead, the Complaint pleads only that calls occurred after Plaintiff allegedly registered his number. It contains no factual allegations concerning purported claims regarding Defendant's use of technology or devices regarding their dialing practices Defendant's compliance procedures or lack of compliance whether the calls were telemarketing solicitations or were consented to Defendant's access to or use of the Registry.

Those pleading omissions in the Civil Action Complaint of Plaintiff are fatal to the Plaintiff since a plaintiff must plead facts showing a defendant's conduct actually violated the governing regulatory framework. See *Santiago v. Warminster Twp.*, 629 F.3d 121, 132 (3d Cir. 2010) (plaintiff must plead facts supporting each element of claim). A complaint that pleads facts equally consistent with lawful conduct fails under Rule 8. See Federal Rules of Civil Procedure Rule 8. General Rules of Pleading (a) Claim for Relief. A pleading that states a claim for relief must contain:(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief. *See Twombly*, 550 U.S. at 557. Since the Plaintiff's Complaint is devoid of facts asserting violations not every allegation is full plead and the Complaint is improper thus should be stricken. To avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570(2007). Complaints with claims are plausible if the plaintiff pleads facts from which the Court can infer "that the defendant

is liable for the misconduct alleged." See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The nature of the "plausibility standard is not akin to a 'probability requirement,'" instead the requirement demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly,* 550 U.S. at 556). Courts use a three-step process for determining plausibility under *Twombly* and *Iqbal* is a three-step process. *See* **Connelly v. Lane Const. Corp.**, 809 F.3d 780, 787 (3d Cir. 2016). These three steps are:

1.The first step is to "take note of the elements the plaintiff must plead to state a claim." *Id.* (alterations omitted) (quoting *Iqbal*, 556 U.S. at 675).

2. A second step, the Court "should identify allegations that,'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.*(quoting *Iqbal,* 556 U.S. at 679).

3. The third and final step is, for all "well-pleaded factual allegations, the court should assume their veracity," draw all reasonable inferences from them "and then determine whether they plausibly give rise to an entitlement to relief." *Id.*(alterations omitted) (quoting *Iqbal*, 556 U.S. at 679).

In doing this analysis, like the instant case where the pleaded facts do not bring the "claims across the line from conceivable to plausible," the Court must dismiss the complaint. See *Twombly*, 550 U.S. at 570. The Complaint contains no allegations whatsoever regarding a government shutdown or its effect on the Registry. Plaintiff cannot introduce entirely new factual theories in an opposition brief in order to now create the appearance of fact derived for the purpose of trying to establish liability. Even if considered, Plaintiff's allegations in the Complaint and theory does not plausibly establish any TCPA violation(s) even if the pleadings are deemed true. The TCPA regulations recognize compliance procedures and safe-harbor protections that may excuse calls placed despite registry registration. Courts routinely dismiss complaints that fail to plead facts negating obvious lawful explanations. See *James v. City of Wilkes-Barre*, 700 F.3d 675, 681 (3d Cir. 2012) where the Court dismissed section 1983 civil rights claims since plaintiffs

do not state a plausible claim for relief for false arrest based upon the facts before the court quoting *Iqbal* and *Twombly* "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" **Iqbal**, 129 S. Ct. at1949 (quoting *Twombly*, 550 U.S. at 570). See *James v. City of Wilkes-Barre*,700 F.3d 675, 681 (3d Cir. 2012). Applying the facts alleged by Plaintiff in this case i.e. Plaintiff's speculation regarding Defendant's compliance practices cannot substitute for legally sufficient factual allegations that are required to avoid dismissal.

## II. PLAINTIFF LACKS STANDIONG AND HAS NOT PLED A CONCRETE ARTICLE III INJURY

The allegations raised in Plaintiff's Complaint indicates general inconvenience only and thus are insufficient to establish Article III standing due to the lack of injury. A plaintiff must plead a concrete and particularized injury to invoke federal jurisdiction. See *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016). In this case, Defendant Spokeo operated a website as a "people search engine," that used many databases to garner and sell certain personal information about individuals to their customers. After Plaintiff/Robins discovered that his Spokeo-generated profile contained inaccurate information, he filed a class-action complaint alleging that the company willfully failed to comply with the Fair Credit Reporting Act of 1970, 15 U.S.C. 1681e(b). The district court dismissed. The Ninth Circuit reversed, reasoning that Robins' "personal interests in the handling of his credit information are individualized." The Supreme Court vacated that decision and made clear that a plaintiff invoking federal jurisdiction bears the burden of establishing the "irreducible constitutional minimum" of standing by demonstrating an injury in fact related to the defendant's alleged conduct, likely to be redressed by a favorable judicial decision. The Court also made clear that a plaintiff must show that he suffered "an invasion of a legally protected interest" that is

"concrete and particularized" and "actual or imminent, not conjectural or hypothetical." The Ninth Circuit' instead focused on particularization: the requirement that an injury "affect the plaintiff in a personal and individual way," clarifying that an injury in fact must be both concrete and particularized. The decision stands for the proposition that "concreteness" requires an injury in order to actually exist and moreover, that a plaintiff (like the Plaintiff in the instant case) does not automatically satisfy the injury-in-fact requirement (i.e. standing) whenever a statute grants a right and purports to authorize a suit to vindicate it. The Court tried to explain how a violation of a statutory procedural right granted can be sufficient in some circumstances to constitute injury in fact, so that a plaintiff need not allege additional harm beyond the one identified by Congress in the statutory language. The Court stated that Robins lacked requisite injury and therefore standing to satisfy Article III by alleging a bare procedural violation. See *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016)

Similarly, the Third Circuit has repeatedly emphasized that a statutory violation alone does not automatically create standing and further defined the need for actual risk of harm or injury for standing to be established in these cases:

•*Long v. SEPTA*, 903 F.3d 312, 320 (3d Cir. 2018) where the Third Circuit further defines the *necessity and particulars for establishing a concrete injury needed for standing.*

•*In re Horizon Healthcare Servs. Data Breach Litig.*, 846 F.3d 625, 636 (3d Cir. 2017) where the Third Circuit further specified the concrete injury in fact namely the release of personal identification information from a data breach as a predicate for required standing in a class-action litigation against by those who lost data (personal information, name and address plus

insurance identification information) as concrete injuries i.e. standing predicated under the guise of future identity theft claims being actionable as potential class-action plaintiffs.

•**Kamal v. J. Crew Group, Inc.,** 918 F.3d 102, 112–13 (3d Cir. 2019) where standing was rejected by the Third Circuit predicated upon the last five (5) digits of credit card numbers being misappropriated as being insufficient to establish any injury or concrete injury as required to establish standing such that the standing was not articulated similar to this case where the Plaintiff has only given bare thread allegations without requisite facts to establish injury or standing. The Complaint alleges only two calls (emphasis added), fails to acknowledge that Plaintiff Whitfield consented to receive the call(s) and basically only had generic annoyance (versus any actual harm or injury). Courts frequently hold that minimal allegations of inconvenience or annoyance do not establish a concrete injury sufficient for federal jurisdiction. The Plaintiff's Complaint lacks pleadings to support an injury i.e. pleadings devoid of or without allegations of meaningful intrusion or tangible harm, Plaintiff lacks standing.

Counsel for Moving Defendant avers and believes that the general proposition of the Motion to Dismiss is based upon seminal caselaw as set forth herein by this corrective filing notwithstanding the acknowledged error by Moving Defendant, Defendant's motion is grounded and rests primarily on binding Supreme Court and Third Circuit seminal precedent, including ***Twombly***, ***Iqbal***, and well-established pleading principles governing Rule 12(b)(6). The general allegations that form the basis for the relief sought in the Defendant's Motion to Dismiss are established in the cases: ***Bell Atl. Corp. v. Twombly***, 550 U.S. 544, 570 (2007); ***Ashcroft v. Iqbal,*** 556 U.S. 662, 678 (2009). The Third Circuit has repeatedly emphasized that courts must disregard legal conclusions and determine whether the remaining factual allegations plausibly establish liability.

Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion *in Bell Atlantic Corp. v. Twombly,* 550 U. S. 544 (2007), continuing with our opinion in *Phillips,* supra., and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal,* 129 S.Ct. 1955(May 18, 2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss. *Iqbal* centered on a prison inmate's allegations that certain government defendants violated his constitutional rights by discriminating against him on the basis of his religion. The Supreme Court's opinion makes clear that the *Twombly* "facial plausibility" pleading requirement applies to all civil suits in the federal courts. After *Iqbal*, it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949. To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1948. The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. See Id. At 1949-50; see also *Twombly,* 505 U.S. at 555, & n.3. and See *Fowler v. UPMC Shadyside, 578 F.3d 203, 210–11 (3d Cir. 2009).* The Defendant's motion to dismiss is grounded in well-settled pleading standards. The overall reasons in the Motion to Dismiss predicated upon allegations in the Complaint as pleadings fail to plausibly allege a violation of the TCPA's Do Not Call regulations; salient or cogent facts excluding lawful explanations for the alleged calls; or a concrete injury sufficient for Article III standing. These reasons are subsumed by well-established pleading principles governing Rule 12(b)(6) and the general allegations that form the basis for the relief

sought in the Defendant's Motion to Dismiss are established in the cases: ***Bell Atl. Corp. v. Twombly***, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

### III. PLAINTIFF CONFIRMS HE ASSERTS NO ATDS CLAIM

Plaintiff expressly acknowledges that his Complaint does not assert an Automatic Telephone Dialing System claim and instead relies solely on the Do Not Call provisions of the TCPA. That concession narrows the case significantly and underscores the limited factual allegations supporting Plaintiff's claims. The Plaintiff's Complaint (in paragraph 4 states "because the calls were transmitted using technology capable of generating thousands of similar calls per day,") seems to be at minimum an ambiguous reference or inference to automated telephonic devices in the general allegations therefore referencing the use of ATDS in the allegations. Without additional factual allegations establishing liability under the Do Not Call regulations, the Complaint fails to state a claim. Even if the allegations are deemed to be true, the Complaint lacks any cogent injury in fact negating any Article III standing.

### IV. PLAINTIFF'S ARGUMENT REGARDING DEFENDANT'S DECLARATORY RELIEF REQUEST IS IRRELEVANT

Plaintiff argues that Defendant's request for declaratory relief is procedurally improper because it was raised in a motion rather than a pleading. Even if the Court were to accept Plaintiff's procedural argument, that issue has no bearing on whether Plaintiff's Complaint states a claim for relief. The Court may dismiss the Complaint regardless of any procedural dispute concerning Defendant's declaratory request. Moving Defendant, raised the declaratory relief motion in order to assert a cogent basis to determine that no statutory violation occurred, the compliance paradigm

was sufficiently adhered to and that no standing exists under Article III as no harm or injury has been plausibly alleged to avoid dismissal.

## CONCLUSION

Plaintiff's opposition does not remedy the Complaint's fundamental deficiencies. The paucity and lack of cogent factual allegations establishing any standing due to lack of an injury renders the Complaint fatal and subject to dismissal. Given the allegations in the Complaint as pleadings fail to plausibly allege:

1. a violation of the TCPA's Do Not Call regulations;

2. facts excluding lawful explanations for the alleged calls; or

3. a concrete injury sufficient for Article III standing.

For these reasons, Defendant respectfully requests that the Court grant Defendant's Motion to Dismiss the Plaintiff's Complaint.

Respectfully submitted,

MARK THOMAS SOPHOCLES, LLC

_____
MARK T. SOPHOCLES, ESQUIRE
PA ATTY I.D. 74998
21 INDUSTRIAL BLVD., SUITE 201
PAOLI, PA 19301
PHN: 610-651-0105
FAX: 610-651-0106
MARK@SOPHOCLESLAW.COM
*ATTORNEY FOR DEFENDANT,*
*PRIME AGENCY, LLC*

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY WHITFIELD, individually and on behalf of others similarly situated,<br>Plaintiff,<br>v.<br><br>PRIME AGENCY, LLC<br>Defendant | :<br>:<br>:<br>: CIVIL ACTION NO. 2:26-CV-00327<br>:<br>:<br>: |

## [PROPOSED] ORDER

**AND NOW**, this _____ day of _____, 2026, upon consideration of Defendant Prime Agency, LLC's Motion to Dismiss and the subsequent briefings, including Defendant's Amended Memorandum In Support of its Motion to Dismiss contained therein, it is hereby **ORDERED** as follows:

**Defendant's Motion to Dismiss is GRANTED** such that the Plaintiff's Complaint is dismissed for failure to state a claim upon which relief can be granted and for Plaintiff lacking standing.

**BY THE COURT:**

**UNITED STATES DISTRICT JUDGE**