### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANTHONY WHITFIELD, individually and      :
on behalf of others similarly situated,      :
Plaintiff,      :
     :
v.      :CIVIL ACTION NO. 2:26-CV-00327
     :
PRIME AGENCY, LLC,      :
Defendant.      :

_____

### DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR LEAVE
### TO SUBSTITUTE CORRECTED MEMORANDUM

Defendant Prime Agency, LLC respectfully submits this Reply in further support of its Motion for

Leave to Substitute a Corrected Memorandum of Law. Plaintiff's Opposition attempts to convert

a corrective filing into a sanction proceeding and argues that this Court should reject this effort.

The issue before the Court is straightforward: whether the Court should permit a corrected

Memorandum so that the Motion to Dismiss is evaluated on an accurate and reliable record. As

alleged, the Complaint asserts that Plaintiff's number appeared on the National Do Not

Call Registry in September 2025 and that Defendant allegedly placed two calls in November 2025.

Even assuming those allegations are true, they do not plausibly establish a TCPA violation

or Article III standing due to a lack of injury. Answering Defendant acknowledges that the

arguments in the Motion to Dismiss and more specifically the Memorandum of Law inadvertently

uploaded the draft Memorandum of Law sections and incorrectly contained citation errors and

inadvertently contained a request for declaratory relief while the arguments and general citations

were accurate. The Counsel for Defendant incorporates by reference as if fully set forth herein the

Declaration dated March 27, 2026, in Support of this Response as Exhibit "A".

## I.     THE REQUEST OF DEFENDANT FALLS WITHIN THE COURT'S INHERENT AUTHORITY—NOT RULE 15

Plaintiff's reliance on Rule 15 is misplaced. Defendant does not seek to amend the pleading. The request is to substitute a corrected Memorandum of Law, routinely permitted under the Court's inherent authority to manage its docket and ensure accurate briefing. Courts in this District regularly allow replacement of briefs where doing so promotes clarity, aids the Court's consideration of the merits, and does not prejudice the opposing party. Denying such relief would serve no procedural purpose and would leave an admittedly imperfect filing in place. Plaintiff has already had the opportunity to respond, and if the Court believes any limited supplementation is appropriate in light of the corrected filing, which can be addressed through an appropriate schedule.

## II.     PLAINTIFF CANNOT DEMONSTRATE PREJUDICE

There is no meaningful prejudice to Plaintiff by affording the requested relief within the Court's inherent powers since all of the below are true and accurate as follows:

- The Defendant's sought relief in the Motion to Dismiss is unchanged and predicated upon the same contended bases.
- The legal arguments remain the same, i.e., not Article III standing due to lack of any injury.

If the Court believes any limited supplementation is warranted, that can be addressed without denying leave. Plaintiff's position is not grounded in prejudice, but in attempting to secure a tactical advantage from acknowledged but correctable citation errors. That is not a basis to deny relief sought by Defendant.  The Moving Defendant acknowledges that he incorrectly filed a

2

portion of the Memorandum of Law in Support of the Motion to Dismiss with erroneous citations, and a counter request for declaratory relief.

### III.    DEFENDANT'S ACTION IS CONSISTENT WITH RULE 11 AND SAFE-HARBOR PRINCIPLES

Plaintiff invokes Rule 11, but Defendant's conduct aligns with, not violating its requirements. Rule 11 imposes a continuing obligation to ensure accuracy. When a potential issue is identified, the appropriate course is prompt correction. Defendant did precisely that by seeking leave to substitute a corrected memorandum. To the extent Plaintiff contemplates sanctions, Rule 11(c)(2) requires service of a motion and a 21-day safe-harbor period before filing. No such procedure has been followed. Defendant nonetheless has taken corrective action consistent with the purpose of that rule—namely, to cure rather than perpetuate acknowledged inadvertent mistakes.

### IV.    PLAINTIFF'S CHARACTERIZATION OF THE CITATION ISSUES IS OVERSTATED

Plaintiff repeatedly uses the term "fabricated" and speculates about drafting methodology. Those assertions are not necessary to resolve this Motion and improperly attempt to transform a procedural issue into a collateral dispute. The relevant point is narrower: Defendant has acknowledged citation issues and seeks to correct them so that the Court has an accurate set of authorities before it. That is the appropriate and responsible course.

Plaintiff's repeated use of the term "fabricated" overstates the issue. Defendant acknowledges that certain citations in the original memorandum were inaccurate and should not have been included in that form, and Defendant promptly sought leave to correct the filing. The appropriate remedy for inaccurate citations is correction—not a procedural bar preventing the Court from considering

accurate authority. Defendant respectfully requests that the Court grant leave so the Motion to Dismiss may be decided on a complete and accurate set of citations and authorities.

## V.    CERTIFICATION REGARDING CITATIONS AND COMPLIANCE WITH COURT ORDER

To address the concerns raised in Plaintiff's Opposition and the Court's standing order referenced therein undersigned counsel agrees that prior to filing the Amended Memorandum in the Motion to Dismiss Counsel will certify that:

- All citations in the proposed Amended Motion to Dismiss and Memorandum have been independently verified.

- Counsel will personally review the authorities cited and confirm their accuracy.

- Counsel accepts full responsibility for the contents of the filing and acknowledges human error occurred when the initial version of the Motion to Dismiss was filed but that the legal argument juxtaposed with the factual allegations remain unchanged.

- The Amended Memorandum of Law in Support of the Motion to Dismiss complies with the Court's requirements concerning disclosure and verification of legal authorities.

- This certification will serve to resolve any outstanding concern regarding the accuracy of the record going forward.

## VI.    LEAVE PROMOTES JUDICIAL EFFICIENCY AND A CLEAN RECORD

Allowing substitution of the corrected Memorandum of Law in support of Rule 12 B (6) Motion of Defendants will act to make the process of adjudicating this matter more efficacious and efficient for the Court and litigants will:

- provide the Court with corrected accurate citations, and

4

- streamline adjudication of the Motion to Dismiss, and

- avoid unnecessary collateral disputes, and

- amend via the corrected Memorandum by deleting the extraneous request for declaratory relief that Moving Defendant originally sought in the incorrect filing.

Denying leave would do the opposite—forcing the Court to evaluate arguments through a record both sides now recognize requires correction. Judicial efficiency is best served by resolving motions on accurate briefing, not by preserving correctable defects. There is no prejudice to Plaintiff in granting this relief and Moving Defendant respectfully requests that this Honorable Court permit Counsel for Movant to supplant the incorrect Memorandum of Law accordingly.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant leave to substitute the corrected Memorandum of Law so that the Motion to Dismiss may be evaluated on an accurate record and on the merits of the Motion. Prior to re-filing the Amended Motion/Memorandum of Law, Defendant Counsel will verify the citations in the corrected Memorandum as set forth above such that substitution will promote an efficient merits determination without prejudice to Plaintiff.

Respectfully submitted,

MARK THOMAS SOPHOCLES, LLC

Mark T. Sophocles, Esquire
*Counsel for Defendant, Prime Agency, LLC*

5