**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ANTHONY WHITFIELD,** individually and on behalf of all others similarly situated, <br><br>     *Plaintiff,* <br><br> *v.* <br><br> **PRIME AGENCY, LLC** <br><br>     *Defendant.* | Case No. <br><br> 2:26-cv-00327 <br><br> **CLASS ACTION** <br><br> **JURY TRIAL DEMANDED** |

**NOTICE OF SUPPLEMENTAL AUTHORITY IN
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND MOTION TO AMEND**

Plaintiff respectfully files this Notice of Supplemental Authority in Opposition to Defendant's Motions to Dismiss and Amend. Recently, the Eastern District of Texas issued an opinion in *McCormick v. Texakoma Fin., Inc.*, No. 4:25-cv-773, --- F.Supp.3d ---, 2026 WL 1746259 (E.D. Tex. June 11, 2026). A copy of the opinion is enclosed herein as Exhibit A.

The published opinion is notable for three reasons. First, it involves the use of hallucinated AI citations in the Telephone Consumer Protection Act (TCPA) context. Second, it involves another attorney from Pennsylvania, Amy Lynn Bennecoff Ginsburg. Finally, and most importantly, the Court expressly considered, and rejected, the sanctioned attorney there's explanation that the attorney erroneously submitted a draft version of a brief containing hallucinated authorities and citations. *Id.* at *2. On this point, the Court remarked:

> If Ginsburg's practice is to have a single draft without multiple versions, it is not clear why the problematic citations would remain in the draft after Ginsburg supposedly revised it (and if only one draft existed, it would be misleading and sanctionable to claim that the paralegal "selected an earlier draft"). Furthermore, to date, Ginsburg has not presented any "[revised] draft, metadata, or any other evidence to support [her] excuse."

Under these circumstances, the Court does not believe Ginsburg's explanation that the wrong version of a corrected brief was filed. Ginsburg's explanation has other problems that lead the Court to doubt that she is truly taking ownership of her mistakes. . . . Ginsburg's signature is on a brief that attributes fictitious quotes to the Blastfax case. Ginsburg's Order to Show Cause Response does not mention this. When the Court raised this issue during the hearing, Ginsburg stated that she did not rely on any fictitious quotes in her revised draft. If Ginsburg's story is that she spotted the fake Blastfax quotes during her review of the "earlier draft," then, again, it strains credulity for Ginsburg to claim that she merely thought her intern or law clerk was struggling to locate or cite cases. . . . Ginsburg's signature is on a court filing containing, at the very least, a fictitious case and fictitious quotes.

*Id.* at *6-*7 (cleaned up). Moreover, Plaintiff's counsel has identified multiple cases that simply do not exist and which have completely fabricated case names, numbers, and years. On this point, the Court remarked, "If someone—even an intern—gets the case name, number, year, and quotation wrong, they are not struggling with research or citation formatting. They are struggling with honesty." *Id.* at *5.

In light of the foregoing authority, the Defendant's Motions should therefore be denied and an order to show cause issue

Plaintiff,
By Counsel

Dated: June 23, 2026

/s/ Andrew Roman Perrong
Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com
*Attorney for Plaintiff and Proposed Class*

2

## **CERTIFICATE OF SERVICE**

I, Andrew Roman Perrong, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

DATED this June 23, 2026.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.