**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANTHONY WHITFIELD, individually and on behalf of others similarly situated,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| **v.** | : | **NO. 26-0327** |
| **PRIME AGENCY, LLC,** | : | |
| **Defendant.** | : | |

## ORDER TO SHOW CAUSE

This matter is before the Court pursuant to Fed. R. Civ. P. 11(c)(3), which provides: "On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." The Court finds that such an Order is necessary in this case, for the reasons that follow.

1. **Background:** Through a separate Order issued in parallel with the instant Order, the Court denied Defendant's Motion to Dismiss (ECF No. 7). In doing so, the Court also granted Plaintiff's Motion for Extension of Time to File a Response (ECF No. 10), and Defendant's Motion to Amend/Correct and Substitute the Motion to Dismiss (ECF No. 15). As part of that exercise, the Court reviewed both filings and briefing which raised substantial questions regarding Defendant's citations to cases that do not exist, and attribution of quotations that do not appear to exist in cases that do exist.

2. Specifically, Defendant's Memorandum of Law in Support of Defendant's Motion to Dismiss (ECF No. 7-1, at 6-7) contained several concerning passages with characteristics consistent with artificial intelligence hallucinations, including the following:

> See Mauthe v. Optum Inc., 925 F.3d 129, 133-134 (3d Cir. 2019) that stands for the proposition that "No standing where plaintiff alleged wasted time and annoyance from a fax."

(ECF No. 7-1 at 6.)[1]

> Also, in Wilson v. Quest Diagnostics, 2022 WL 17152188, at 4 (E.D. Pa. Nov. 22, 2022) the holding and distinction between "Annoyance" and "nuisance" from a single call is determined to be insufficient to establish the requisite concrete injury needed for standing.

(ECF No. 7-1 at 6.)[2]

> Similarly in Smith v. Vision Solar LLC, 2023 WL 5607458, at 5 (E.D. Pa. Aug. 30, 2023) the Court found that two calls was facially lacking and insufficient to establish concrete harm (or injury) needed to establish standing.

(ECF No. 7-1 at 6.)[3]

> Courts in this Circuit have repeatedly held the allegations of "annoyance," "frustration," or "nuisance" do not constitute concrete injury. See **Mauthe**, 925 F.3d at 133-34; Wilson, 2022 WL 18152188, at *4.

(ECF No. 7-1 at 6.)[4]

> Similarly, the Court in Samuel v. U.S. Bank, 2022 WL 3904510, at 6 (E.D. Pa. Aug. 31, 2022) determining like the case at bar the insufficiency of one call insufficient to analogize to intrusion upon seclusion.

(ECF No. 7-1 at 6-7.)[5]

---

[1] *Mauthe* does not contain the attributed quotation, nor does it address Article III standing.

[2] The Court has been unable to identify such a case. The cited Westlaw number does not correspond to any existing case. The Court identified *Wilson v. Quest Diagnostics Inc.*, No. 2:18-11960 (D.N.J. filed Jul. 23, 2018) as a matter which contained the same caption and likewise involved an alleged Telephone Consumer Protection Act ("TCPA") violation, but was unable to identify an opinion in that matter which included either "annoyance," "nuisance," or a discussion of "requisite concrete injury needed for standing."

[3] 2023 WL5607458 is the Westlaw number for *Thogus Prod. Co. v. Bleep, LLC*, No. 1:20-cv-01887, 2023 WL 5607458 (N.D. Ohio Aug. 30, 2023). The Court identified *Smith v. Vision Solar LLC*, 20-2185, 2020 WL 7230975 (E.D. Pa. Dec. 8, 2020) which involved an alleged TPCA violation, but the opinion did not hold the proposition for which it was cited.

[4] See discussion of *Mauthe* and *Wilson* above.

[5] The Westlaw number 2022 WL 3904510 does not correspond to any existing case and the Court has been unable to identify a corresponding case caption in a matter filed in the Eastern District of Pennsylvania.

3. Additionally, Defendant cited *Gadelhak v. AT&T Services, Inc*, 950 F.3d 458 (7th Cir. 2020) as "finding insufficient the intangible multiple unwanted texts required for intrusion-type harm." (ECF No. 7-1 at 6.) The opinion in fact stands for the opposite. *Gadelhak*, 950 F.3d at 463 (holding "[w]e therefore agree with the Second and Ninth Circuits that unwanted text messages can constitute a concrete injury-in-fact for Article III purposes.").

4. On March 27, 2026, in a Declaration to the Court, Defendant's counsel accepted responsibility for the erroneous citations and explained that they were part of a draft version which was inadvertently filed. (ECF No. 17-2, ¶ 4.) In that Declaration, Defendant's counsel also represented to the Court that he "implemented additional review measures to ensure accuracy in future filings." (*Id.*, ¶ 12.) But Defendant's counsel did not explain the source of the problematic citations, or how they came to be included in the memorandum filed with the Motion to Dismiss.

5. Despite the assurances of Defendant's counsel, and upon review of Defendant's Motion to Amend/Correct and Substitute a Corrected Filing (ECF No. 15), the Court has also been unable to verify a citation in the memorandum attached thereto. Specifically, Defendant's memorandum includes the following passage:

> Furthermore, the Third Circuit emphasizes that "the pleading philosophy of the Rules" is that "a party should be afforded an opportunity to test his claim on the merits." ***Foman v. Davis***, 371 U.S. 178, 182 (1962).

(ECF No. 15-1 at 3.)

6. Neither quotation included in this passage is found in *Foman*.[6] Rather, the second quotation appears to be an altered version of the language from *Foman* that: "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be *afforded an opportunity to test his claim on the merits*." *Foman,* 371 U.S. at 182 (emphasis added).

[6] The Court also notes that *Foman* is a decision of the United States Supreme Court, not the U.S. Court of Appeals for the Third Circuit.

The first quotation is entirely absent from *Foman*. In conducting its own research, the Court was able to identify other authorities which include one of the quotations proffered by Defendant, but did not find an authority which included both.[7]

7. **Legal Standard:** Under Fed. R. Civ. P. 11(b)(2), attorneys and parties who present filings to federal courts certify that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]" *Bunce v. Visual Technology Innovations*, Civil No. 23-cv-1740, 2026 WL 1082135, at * 1 (E.D. Pa. Apr. 20, 2026). "'Rule 11 requires only negligence, not bad faith' for a court to find that an attorney failed to meet their obligations under the rule." *Id.*, at * 2 (quoting *Wharton v. Superintendent Graterford SCI*, 95 F.4th 140, 147 (3d Cir. 2024)). "In other words, courts can sanction lawyers for what they should have known, not just what they knew." *Id.* (quoting *Wharton*, 95 F.4th at 148).

8. Pa. R.P.C. 3.3(a)(1) provides: "A lawyer shall not knowingly … make a false statement of material fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer."

9. **Discussion:** The Court recognizes that Defense counsel has accepted responsibility for the errors contained in the statements in Memorandum of Law in Support of Defendant's Motion to Dismiss (ECF No. 7-1).

10. The erroneous citations contained in Defendant's Motion to Dismiss, and the circumstances under which they came to be submitted to the Court, are, however, concerning. The

---

[7] *See, e.g., CMR D.N. Corp v City of Philadelphia*, 703 F.3d 612, 629 (3d Cir. 2013) ("We are mindful that *the pleading philosophy of the Rules* counsels in favor of liberally permitting amendments to a complaint.") (citing *Adams v. Gould Inc.*, 739 F.2d 858, 864 (3d Cir.1984)) (emphasis added); *see also Wizards of the Coast LLC v. Cryptozoic Entertainment LLC*, 309 F.R.D. 645, 654 (W.D. Wash. 2015) ("A *party should be afforded an opportunity to test his claim on the merits* rather than on a motion to amend unless it appears beyond doubt that the proposed amended pleading would be subject to dismissal.") (internal quotations omitted) (emphasis added).

possibility that they are recurring despite Defense counsel's assurances is particularly so. *C/f McCarthy v. United States Drug Enforcement Administration*, 171 F.4th 245, 250-51 (3d Cir. 2026). That concern is made especially acute because counsel has not explained how the erroneous legal authority came to be included in the relevant filings, what processes and tools (including any artificial intelligence tools, if applicable) were used to generate those filings and/or applicable drafts, or how those erroneous citations continued to appear.

11. In sum, Defense counsel's conduct raises substantial questions regarding potential violation of Fed. R. Civ. P. 11(b)(2) and Pa. R.P.C. 3.3 by citing authorities that do not exist, and attributing quotations that do not exist to authorities that do, as set forth above.

Accordingly, and pursuant to Fed. R. Civ. P. 11(c)(3), Defendant's counsel, Mark T. Sophocles, Esq., is **ORDERED TO SHOW CAUSE** on or before **October 2, 2026**, why his statements in Defendant's Memorandum of Law in Support of Defendant's Motion to Dismiss (ECF No. 7-1), Defendant's Memorandum in Support of Motion to Amend/Correct and Substitute a Corrected Filing (ECF No. 15-1), and his Declaration (ECF No. 17-2) have not violated Rule 11(b) and/or Pa. R.P.C. 3.3; and it is

**FURTHER ORDERED** that any further non-duplicative or cumulative briefing which Plaintiff wishes to file on this topic shall be filed no later than **October 9, 2026,** and shall not exceed ten (10) pages; and it is

**FURTHER ORDERED** that a hearing on the matter will be held **October 15, 2026** at 10:00 a.m. in a Courtroom To Be Determined.

Dated: September 18, 2026

/s/ Antonio M. Pozos
**ANTONIO M. POZOS, J.**