**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANTHONY WHITFIELD, individually and on behalf of others similarly situated,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| **v.** | : | **NO. 26-0327** |
| **PRIME AGENCY, LLC,** | : | |
| **Defendant.** | : | |

**ORDER**

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint, (ECF No. 7) (the "Motion to Dismiss"), as well as Plaintiff's Motion for Extension of Time (ECF No. 10) seeking additional time to respond to the Motion to Dismiss, and Defendant's Motion for Leave to Amend/Correct and Substitute a Corrected Filing (ECF No. 15) (the "Motion to Substitute") seeking to withdraw and substitute the Defendant's memorandum of law filed concurrently with the Motion. Upon consideration of the motions, and the memoranda and exhibits in support thereof and in opposition thereto, the Court **GRANTS** Plaintiff's Motion for Extension of Time and Defendant's Motion to Substitute, and **DENIES** Defendant's Motion to Dismiss, as follows.

1. **Motion for Extension of Time and Motion to Substitute:** The Motion for Extension of Time is unopposed, reasonable, and effectively a historical artifact in the evolution of the case. It is therefore granted. The Motion to Substitute is also granted in the interests of ensuring a complete and accurate record, and consideration of the substitute memorandum does

not alter the outcome of the Court's resolution of the Motion to Dismiss. Issues relating to Defendant's citation to authorities that do not appear to exist, and inclusion of quotations that do not appear to exist in cases that do, are addressed separately in the Order to Show Cause issued concurrently with this Order.

2. **<u>The Motion to Dismiss:</u>** In this action, Plaintiff asserts a putative class action claim under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c)(5), based principally on alleged violations of the National Do Not Call regulation, 47 C.F.R. § 64.1200(c)(2). Compl. ¶¶ 3; 60-64.

3. In the Complaint (ECF No. 1), Plaintiff alleges he placed his residential phone number on the National Do Not Call Registry on September 17, 2025. Compl. ¶¶ 15; 24. Subsequently, Plaintiff received two telephone call solicitations at the aforementioned telephone number from agents of the Defendant in November 2025. Compl. ¶¶ 27-29.

4. As a result of the two alleged telephone call solicitations, Plaintiff alleges he suffered a violation of his privacy and that he and other similarly situated class members suffered additional harms including temporary deprivation of the use of their phones, unnecessary use of their phones' battery life, wear and tear of their phones, and disruption of solitude. Compl. ¶¶ 38-41.

5. Defendant contends that these allegations are not sufficient to establish a cognizable injury sufficient to support standing under Article III of the United States Constitution, or to plead a violation of the TCPA. *See* ECF 15-3, at pp. 2-3.

6. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678).

7. Under the TCPA a "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring an action to enjoin the violation and/or recover actual monetary loss or receive up to $500 in damages for each violation. 47 U.S.C. § 227(c)(5). Pursuant to the TCPA's implementing regulations, entities may not "initiate any telephone solicitation to … [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. § 64.1200(c)(2). Plaintiff's Complaint pleads sufficient facts, viewed in the light most favorable to the Plaintiff, to state a claim under these standards.

8. Further, under Third Circuit precedent, the "nuisance and invasion of privacy" harms which Congress sought to prevent with the TPCA, and which Plaintiff has adequately pleaded at this stage of the proceedings, are concrete injuries sufficient to establish Article III standing. *Susinno v. Work Out World Inc.*, 862 F.3d 346, 351–52 (3d Cir. 2017).

Accordingly, it is **HEREBY ORDERED** that:

1. Defendant's Motion to Dismiss (ECF No. 7) is **DENIED**;

2. Plaintiff's Motion for Extension of Time (ECF No. 10) is **GRANTED**;

3. Defendant's Motion to Substitute (ECF No. 15) is **GRANTED**;

4. The motion hearing scheduled for September 22, 2026 (ECF No. 22) is **CANCELED**; and

5. Defendant shall file its Answer to the Complaint within the fourteen (14) days specified by Fed. R. Civ. P. 12(a)(4)(A).

Dated: September 18, 2026

/s/ Antonio M. Pozos
**ANTONIO M. POZOS, J.**