**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**ANTHONY WHITFIELD,**

**individually and on behalf of others similarly situated,**
***PLAINTIFF***

**v.**

**PRIME AGENCY, LLC,**
***DEFENDANT***

**Civil Action No. 2:26-cv-00327-AMP**
**Honorable Antonio M. Pozos**

**DEFENDANT PRIME AGENCY, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT**

Defendant Prime Agency, LLC ("Defendant"), by its counsel, Mark Thomas Sophocles, Esquire, answers Plaintiff's Class Action Complaint (ECF No. 1) and pleads Affirmative Defenses as follows:

1. Defendant admits that Congress enacted the Telephone Consumer Protection Act of 1991 ("TCPA"). The remaining allegations consist of quotations and legislative or legal characterizations to which no factual response is required. Defendant denies any allegation that it engaged in any unlawful conduct.

2. Defendant admits that Federal regulations establish a National Do Not Call Registry and that the TCPA provides a private right of action subject to statutory requirements. The remaining allegations, including the quoted material, characterize legal authorities and consist of argument to which no factual response is required. To the extent a response is required, Defendant denies that Plaintiff has established a legal entitlement to relief against Defendant.

3. Defendant admits that Plaintiff purports to bring this action under the TCPA. Defendant denies that it made, or is legally responsible for, unlawful calls to Plaintiff, and denies that any call at issue was made without Plaintiff's prior express invitation or permission. Defendant further avers that "prior express written consent" is not the standard governing a claim under 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2). Defendant lacks knowledge or information sufficient to form a belief as to the truth of the alleged registration history of Plaintiff's number and therefore denies that allegation.

4. Defendant admits that Plaintiff seeks to represent a proposed nationwide class. Defendant denies the allegations concerning Defendant's use of the described calling technology, denies that it made unlawful telemarketing calls, and denies that this action satisfies the requirements for class certification.

5. Denied.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's alleged residence and therefore denies that allegation.

7. Defendant admits that it is a limited liability company headquartered in Boca Raton, Florida, and is engaged in marketing insurance products. Defendant denies any characterization of it as an insurer rather than an insurance agency.

8. Defendant admits that Plaintiff asserts a claim arising under federal law and that the Court has federal-question subject-matter jurisdiction under 28 U.S.C. § 1331. Defendant denies that Plaintiff is entitled to relief.

9. The allegations of this paragraph concerning personal jurisdiction and venue are legal conclusions to which no response is required. Defendant does not contest venue in this District for

purposes of this action. Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's alleged residence and therefore denies that factual allegation.

10. Defendant admits that Congress enacted the TCPA in 1991 and addressed telemarketing and privacy in its legislative findings. The remaining allegations characterize those findings and require no factual response. Defendant denies any implication that it violated the TCPA.

11. Admitted.

12. Defendant admits that 47 C.F.R. § 64.1200(c)(2) contains the quoted language.

13. Defendant admits that 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2) govern certain telephone solicitations and provide for liability subject to their requirements and applicable exceptions and defenses. Defendant denies that the paragraph completely states those requirements, exceptions, and defenses, and Defendant denies that it is liable to Plaintiff.

14. Admitted.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

24. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

25. Denied. Defendant avers that on or about November 3, 2025, Plaintiff submitted an online request for insurance information through sagehealthplans.com, and that the brokered lead and associated consent record reflecting that submission were transmitted to Defendant.

26. Defendant denies that it initiated the outbound call (or calls) alleged in this paragraph and denies that any such call was made on its behalf under circumstances imposing liability on Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations concerning Plaintiff's receipt of calls and therefore denies those allegations.

27. Defendant denies that it initiated the outbound call or calls alleged in this paragraph and denies that any such call was made on its behalf under circumstances imposing liability on Defendant.

Defendant further lacks knowledge or information sufficient to form a belief as to the caller identification information allegedly displayed and as to the remaining allegations concerning Plaintiff's receipt of calls, and therefore denies those allegations. Without waiver of any asserted basis for denial, Defendant caller ID (267) 287-9845 is not associated with, representative, related or in any manner connected to the Defendant.

28. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff rejected the call and therefore denies it.

29. Defendant denies that it initiated the outbound call or calls alleged in this paragraph and denies that any such call was made on its behalf under circumstances imposing liability on Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations concerning Plaintiff's receipt of calls and therefore denies those allegations.

30. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the alleged conversation and therefore denies that allegation. Defendant denies that the alleged caller acted as Defendant's agent in initiating an unlawful call to Plaintiff. By way of further response and without waiver of any basis for denial asserted, Defendant avers that Plaintiff has admitted that his call was transferred to Lamarre Touissant as opposed to Mr. Touissant making the alleged call to Plaintiff as confirmed by the transcription of the call.

31. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the alleged statements during the call or the callback number allegedly supplied and therefore denies those allegations. Defendant denies that this alleged conversation establishes that Defendant initiated or is legally responsible for an unlawful call.

32. Defendant admits that its business name is Prime Agency, LLC and that it is headquartered in Boca Raton, Florida. Defendant admits that in November 2025 the number (863) 862-9643 is, or was, a number owned, leased, or answered by or for Defendant as that is the phone number that Lamarre Touissant told him to call back after Plantiff's call got transferred to Touissant.

33. Admitted in part and denied in part. Defendant specifically admits that Mr. Touissaint was employed by Defendant and is a licensed agent. Defendant lacks knowledge or information sufficient to form a belief as to what Plaintiff purportedly confirmed, or with whom, and therefore denies the remaining allegations of this paragraph.

34. Defendant denies that it directed or authorized the alleged outbound calls to solicit its business or that the calls were made on its behalf under circumstances imposing liability on Defendant. Defendant incorporates fully the responses herein as if fully set forth herein. Defendant lacks knowledge or information sufficient to form a belief as to the independent caller's purpose and therefore denies the remaining allegation. Without waiver of these denials, Defendant avers and believes that the purpose of the Plaintiff's calls was to identify and the Defendant's business for establishing a TCPA claim as Plaintiff has other TCPA claims.

35. Denied. Defendant relies on the lawful permission and clear consent reflected in the November 3, 2025 online consent record from the sagehealthplans.com website and associated with the brokered lead, as further stated in its affirmative defense below. As will be elucidated in discovery and set forth in the transcription of the call (on multiple occasions), Plaintiff gives consent for Mr. Touissant to call him back.

36. Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's subjective reaction to the alleged calls and therefore denies that allegation. Defendant denies that it made or is liable for unlawful calls to Plaintiff.

37. Denied. Defendant incorporates its response to paragraph 35.

38. Defendant denies that it unlawfully invaded Plaintiff's privacy or is liable for the alleged invasion. Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's alleged personal experience and therefore denies the remaining factual allegations.

39. Denied. Defendant incorporates its response to paragraph 35.

40. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the alleged effects on Plaintiff or other recipients and therefore denies those allegations. Defendant denies that its conduct caused a compensable injury or that it is liable for the relief requested.

41. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the alleged effects on Plaintiff or other recipients and therefore denies those allegations. Defendant denies that its conduct caused a compensable injury or that it is liable for the relief requested.

42. Defendant incorporates its responses to the preceding paragraphs as if fully set forth herein.

43. Defendant admits that Plaintiff purports to bring this action individually and on behalf of a proposed class under Rule 23(b)(2) and/or Rule 23(b)(3). Defendant denies that the requirements for certification are satisfied.

44. Defendant admits that this paragraph sets forth Plaintiff's proposed class definition. Defendant denies that the proposed class is properly certifiable or that Plaintiff has established membership in a class entitled to relief against Defendant. Without waiver of the denial, the Defendant avers

that the Federal government shutdown that was contemporaneously happening renders these facts unique and an aberration to the processes that ensure TCPA compliance coupled with the abjectly clear consent given by Plaintiff, renders this action not suitable or subject to a class action since class certification seems unlikely given these circumstances.

45. Denied.

46. Defendant admits that Plaintiff proposes the stated exclusions from the class. Defendant denies that those exclusions establish that certification is appropriate.

47. Defendant lacks knowledge or information sufficient to form a belief as to the alleged experiences of Plaintiff and unidentified proposed class members and therefore denies those allegations. Defendant denies that it caused the alleged harm or is liable to Plaintiff or any proposed class member.

48. Defendant admits that the Complaint requests injunctive relief and money damages. Defendant denies that Plaintiff or any proposed class member is entitled to either.

49. Denied. Defendant specifically denies that it initiated the alleged calls, denies that it maintains "dialer records" of them, and denies that any proposed class is identifiable through Defendant's records. Defendant incorporates by reference as if fully set forth herein the responses in this Answer.

50. Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's knowledge or asserted belief regarding the number of proposed class members and therefore denies those allegations. Defendant expressly denies that Plaintiff has established a class satisfying Rule 23(a)(1).

51. Denied.

52. Denied.

53. Denied.

54. Defendant admits that subparagraphs (a), (b), and (c) identify issues that Plaintiff proposes for class treatment. Defendant denies the allegations of unlawful conduct underlying those issues and denies that they establish commonality, predominance, or entitlement to class certification or enhanced damages. Defendant further avers that Plaintiff's claim rests on two alleged calls to a single telephone number; that Defendant did not initiate those calls; and that, in the alternative, any call made to Plaintiff on Defendant's behalf followed Plaintiff's November 3, 2025 request for insurance information and the permission reflected in the associated consent record.

a. Denied as stated above.

b. Denied as stated above.

c. Denied as stated above.

55. Denied.

56. Defendant admits that Plaintiff is represented by counsel but Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations concerning experience, commitment, and financial resources and therefore denies them. Defendant denies that Plaintiff has established adequacy of representation under Rule 23.

57. Denied.

58. Defendant lacks knowledge or information sufficient to form a belief as to whether unidentified proposed class members would pursue individual actions and therefore denies those allegations.

Defendant denies that the allegations establish superiority or otherwise justify class certification. Without waiving any asserted basis for denials, the Defendant incorporates the responses in this Answer as if fully set forth herein.

59. Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's awareness of other litigation and therefore denies that allegation.

60. Defendant incorporates its responses to paragraphs 1 through 59 as if fully set forth herein.

61. Denied. Defendant expressly denies that it made or is legally responsible for telephone solicitations in violation of the TCPA or its implementing regulations.

62. Denied.

63. Defendant denies that Plaintiff or any proposed class member is entitled to damages against Defendant. The TCPA statutory provisions govern the relief available upon proof of a violation; Defendant denies that any such violation or basis for enhanced damages has been established.

64. Denied. Defendant denies that Plaintiff or any proposed class member is entitled to the requested injunction against Defendant.

**RESPONSE TO PRAYER FOR RELIEF**

Defendant denies that Plaintiff or any proposed class member is entitled to the relief requested in subparagraphs A through D of the Complaint's Prayer for Relief, or to any other relief against Defendant.

**AFFIRMATIVE AND OTHER DEFENSES**

Defendant asserts the following affirmative and other defenses, in the alternative where appropriate, without assuming a burden of proof that applicable law assigns to Plaintiff. Defenses

that controvert elements of Plaintiff's claim are stated separately from affirmative defenses for clarity.

**First Defense Prior Express Invitation or Permission**

Defendant asserts prior express invitation or permission under 47 C.F.R. § 64.1200(c)(2)(ii) and § 64.1200(f)(15)(i). Defendant received a brokered insurance lead from a call initiated by a broker accompanied by an online consent record reflecting a November 3, 2025 submission through sagehealthplans.com.

Defendant contends that the submission and its associated disclosure constituted a signed, written agreement, executed electronically, in which Plaintiff abjectly agreed to be contacted at the telephone number at issue by Defendant regarding insurance products, and that the calls alleged in the Complaint therefore were not "telephone solicitations" within the meaning of the TCPA and its implementing regulations. Defendant relies on that express and absolutely clear permission as a defense to all calls within its scope. The consent was given expressly by Plaintiff and is controlling for the benefit of the Defendant.

**Second Defense Reasonable Practices and Procedures**

Defendant asserts the affirmative defense provided by 47 U.S.C. § 227(c)(5) and the safe harbor provided by 47 C.F.R. § 64.1200(c)(2)(i). Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c), including [written do-not-call compliance procedures; training of personnel; maintenance of an internal list of numbers not to be called; a process for scrubbing calls against the National Do Not Call Registry; and] contractual requirements that lead vendors represent compliance with applicable telemarketing law and

document consumer consent for each brokered lead, on which Defendant relied with respect to the lead at issue. Defendant further avers that the National Do Not Call Registry, including access by sellers and telemarketers to updated registry data, was unavailable from on or about October 1, 2025 through on or about November 13, 2025 as a result of the lapse in federal appropriations; that this period encompasses the calls alleged in the Complaint; and that any alleged failure to employ a registry version obtained within 31 days of the alleged calls must be evaluated in light of that unavailability.

**Third Defense Absence of Direct or Vicarious Liability**

Defendant denies that it initiated the alleged outbound call(s), that it took the steps necessary to physically place them, or that the caller acted on Defendant's behalf under circumstances giving rise to vicarious liability. Defendant contends that the broker who initiated the call independently controlled the relevant outbound dialing activities, and denies that Defendant directed those activities, controlled the manner or means of the calls, conferred actual or apparent authority for the alleged calls, or ratified the allegedly unlawful conduct with knowledge of the material facts. Defendant's purchase or receipt of a lead, without the additional facts required to establish an agency relationship, does not establish that Defendant made or is responsible for the alleged calls.

**Fourth Defense Statutory Call Requirement**

Defendant denies that Plaintiff received more than one (1) call within a twelve-month period by or on behalf of Defendant in violation of regulations prescribed under 47 U.S.C. § 227(c), as required by 47 U.S.C. § 227(c)(5). Defendant disputes the origin, attribution, and unlawful character of the two alleged calls. This defense contests proof of the statutory elements and does not challenge the Court's determination that the Complaint adequately pleaded a claim.

**Fifth Defense Enhanced Damages**

Defendant denies any knowing or willful violation and disputes entitlement to enhanced damages under 47 U.S.C. § 227(c)(5). Defendant relies, among other matters, on its receipt of the documented consent record and its requirements concerning lawful lead generation. Defendant further disputes and expressly denies that the factual circumstances at issue in the case at bar warrant any discretionary enhancement of any damages otherwise proved.

**Sixth Defense Class Certification**

Defendant denies that the proposed class satisfies Rule 23(a), Rule 23(b)(2), or Rule 23(b)(3). The evidence concerning each recipient's permission, the terms and scope of any consent, call origin and attribution, residential use and registration of the number, and the number of qualifying calls may differ among proposed members. Defendant disputes that those matters can be resolved through common proof establishing liability for the proposed class and disputes that Plaintiff has established the prerequisites for the requested classwide relief.

**Seventh Defense Established Business Relationship (Alternative)**

In the alternative, to the extent Plaintiff's November 3, 2025 submission constituted an inquiry or application regarding insurance products or services offered by or through Defendant, the alleged calls, made within three months of that inquiry, were made to a person with whom Defendant had an established business relationship within the meaning of 47 C.F.R. § 64.1200(f)(5), and are excluded from the definition of "telephone solicitation" by 47 C.F.R. § 64.1200(f)(15)(ii).

**Eighth Defense Residential Telephone Subscriber**

Defendant denies that Plaintiff and each proposed class member was a "residential telephone subscriber" within the meaning of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2) with respect to each number allegedly called. The residential character of a wireless number is a question of fact, and any presumption to that effect is rebuttable.

**Ninth Defense Statute of Limitations**

The claims of any proposed class member arising from calls made more than four years before the filing of the Complaint are barred by the applicable statute of limitations, 28 U.S.C. § 1658(a).

**Tenth Defense Waiver and Estoppel**

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and estoppel, in that Plaintiff requested insurance information and agreed to be contacted at the telephone number at issue, and may not recover for calls responsive to that request.

**Eleventh Defense Standing**

To the extent Plaintiff or any proposed class member did not receive, answer, or perceive an alleged call, or otherwise suffered no concrete injury as a result of it, that person lacks standing under Article III of the United States Constitution.

**Twelfth Defense Excessive Statutory Damages**

An award of aggregated statutory damages to a class of the size alleged, untethered to any actual injury, would be grossly excessive and disproportionate to any harm and would violate the Due Process Clause of the Fifth Amendment to the United States Constitution.

**REQUEST FOR RELIEF**

**WHEREFORE,** Defendant Prime Agency, LLC respectfully requests that the Court enter judgment in its favor and against Plaintiff; deny Plaintiff's requests for damages, injunctive relief, and class certification; award Defendant taxable costs as permitted by law; and grant such other relief as the Court deems just and proper.

JURY DEMAND

Defendant demands a trial by jury on all issues so triable.

Respectfully submitted,

MARK THOMAS SOPHOCLES, LLC

Dated: September 23, 2026

**/S/ MARK T. SOPHOCLES**
**MARK T. SOPHOCLES, ESQUIRE**
**PA ATTORNEY I.D. NO. 74998**
**21 INDUSTRIAL BOULEVARD, SUITE 201**
**PAOLI, PA 19301**
**TELEPHONE: 610-651-0105**
**MARK@SOPHOCLESLAW.COM**
**COUNSEL FOR DEFENDANT PRIME AGENCY, LLC**