IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY WHITFIELD, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PRIME AGENCY, LLC,<br><br>Defendant. | Civil Action No. 2:26-cv-00327-AMP<br><br>Hon. Antonio M. Pozos |

**RESPONSE OF MARK T. SOPHOCLES, ESQUIRE, TO THE COURT'S SEPTEMBER 18, 2026 ORDER TO SHOW CAUSE**

I submit this Response in my individual capacity as the attorney identified in the Court's September 18, 2026 Order to Show Cause (ECF No. 25). I accept full responsibility for the inaccurate citations, quotations, and descriptions of authority identified in the Order. I did not knowingly submit false authority or intend to mislead the Court. The errors resulted from my failure to verify draft material and from an inadequate corrective review. That failure was mine alone and I sincerely apologize to the Court and opposing counsel for the unnecessary work and concern these errors caused.

**I. Acknowledgment and Withdrawal of the Errors**

I do not dispute the Court's findings and I formally withdraw the citations, quotations, and characterizations identified in paragraphs 2 through 6 of the Order, including those attributed to *Mauthe v. Optum Inc.*, *Wilson v. Quest Diagnostics*, *Smith v. Vision Solar LLC*, *Samuel v. U.S. Bank*, *Gadelhak v. AT&T Services, Inc.*, and the misquoted *Foman v. Davis*. The *Wilson* and *Samuel* authorities cannot be substantiated as cited; the Westlaw citation given for *Smith* identifies a different case; *Mauthe* does not contain the attributed quotation or address Article III standing; *Gadelhak* was characterized contrary to its holding; and *Foman* is a decision of the United States Supreme Court that does not contain the two quotations attributed to it. I no longer rely on any of those authorities for the propositions stated in the challenged filings. ECF No. 7-1, as filed, was a draft that I did not intend to file.

Obtaining leave to substitute a filing did not erase my responsibility for ECF No. 7-1 or for the inadvertent errors in ECF No. 15-1. I am responsible for both filings and for the incomplete explanation in my March 27, 2026 declaration (ECF No. 17-2). To the extent my earlier filings (ECF Nos. 15, 15-1, and 17) characterized the errors as merely clerical or technical, or suggested that Plaintiff overstated them, I withdraw those characterizations. Since spring 2026, I have also run filings from my office through LexisNexis as a second review and cross-check of citations.

On October 1, 2026, I completed two continuing legal education courses on the use of artificial intelligence; the LexVid certificates are attached as Exhibits 1 and 2. As discussed below, 2026 has been an exceedingly difficult time for me personally. When ECF No. 7-1 was filed, I was mostly out of my office working remotely, and I made the unacceptable mistake of filing a draft.

## II. How the Errors Occurred

**ECF No. 7-1.** I researched and drafted the memorandum myself. Much of that work occurred remotely, primarily on a laptop, during the second week of February 2026, when my mother was hospitalized with a kidney infection and I was also caring for my father, who has advanced Alzheimer's disease. I used LexisNexis and Google for research and also used Gemini and ChatGPT during drafting. I created multiple versions of the memorandum and allowed unverified research suggestions and drafting notes to remain in at least one version. I did not open and read every underlying opinion or compare every quotation with the source before filing.

After I printed several versions and revisions, a draft, rather than the version I intended to file, was signed and filed. That explains why draft material reached the docket, but it does not excuse my failure to verify the document submitted under my signature. I believe the erroneous citations came from AI-generated research in an early draft, but I cannot determine with confidence which tool produced each erroneous citation or phrase. Whatever the source, I was responsible for verifying every authority before filing.

**ECF No. 15-1.** ECF No. 15-1 is the memorandum I filed on March 11, 2026 in support of my motion for leave to substitute a corrected memorandum; the proposed corrected memorandum

is ECF No. 15-3. In preparing those papers, I did not use Gemini or ChatGPT. I worked from existing drafts and used Google and LexisNexis. My review was nevertheless inadequate because I did not conduct a source-by-source audit of those papers. I did not read *Foman* and compare each quoted phrase against the opinion before filing. As a result, ECF No. 15-1 attributed language to *Foman* that the decision does not contain and incorrectly described *Foman* as a Third Circuit decision. ECF No. 15-1 also described the original problem as a clerical uploading error involving three placeholder citations. That description was incomplete: the Order identifies erroneous passages involving five authorities in ECF No. 7-1, and the underlying failure was my own failure to verify them.

**ECF No. 17-2.** Paragraph 12 of my March 27, 2026 declaration stated that I had implemented additional review measures. That statement was incomplete. The measures I had begun to implement were my use of Google and LexisNexis to recheck my citations. They did not include a written checklist or a systematic, side-by-side verification of every authority and quotation against the full opinion. To that extent, the declaration prematurely stated the effectiveness of those measures. I correct the record now: I had taken some additional review steps, but I had not yet implemented the comprehensive protocol described below. Paragraph 10 of the declaration stated that I had personally reviewed and verified the citations in the corrected version. To clarify, I did not know that the *Foman* passage was inaccurate when ECF No. 15-1 was filed or when I made the declaration. Once the Court identified the problem, I reviewed it and now unequivocally withdraw that misquoted portion.

**III. Personal and Professional Circumstances**

I have a diagnosed medical condition that I am prepared to document. During this period I was working remotely, predominantly away from my office, and I was extremely sleep deprived from caring for my 91-year-old father, who has advanced Alzheimer's disease. Additionally, my mother is 82 years old and has cancer along with congestive heart failure; she was hospitalized with a kidney infection during the week I was drafting ECF No. 7-1. Since my mother was my father's

primary caregiver, I had to help care for my father, who cannot be left alone because of his advanced Alzheimer's disease.

As a solo practitioner, I was working almost entirely remotely while addressing their care. These circumstances affected my concentration and version control, but I offer them only as context, not as an excuse. I remained responsible for the filing and should have requested additional time or assistance rather than file without complete verification.

I indicated to Counsel for Plaintiff at or around the time of the filing of ECF No. 7-1 that I had been out of the office frequently because of my parents' health, as shown in Exhibit 3, a February 13, 2026 email on which I copied Counsel for Plaintiff.

I have practiced law in good standing since December 1994 without any prior discipline or a similar citation incident. I understand that my experience heightens, rather than reduces, my responsibility to verify legal authority. If the Court would find medical corroboration helpful, I respectfully request leave to submit a focused letter from my treating clinician and appropriate documentation concerning my parents' conditions for initial *in camera* review, using whatever procedure the Court directs. I will not submit medical materials privately to Chambers without prior authorization.

**IV. Corrective Measures**

Effective immediately, I have adopted and will follow the following protocols in my practice. I will not sign or file a substantive pleading unless these steps have been completed:

1. Personally open and read the full text of every cited authority and verify the case name, deciding court, citation, date, pinpoint reference, and stated proposition.
2. Compare every proposed quotation side by side with the source and eliminate quotation marks unless the language has been confirmed word for word.
3. Treat search-engine results and generative-artificial-intelligence output only as research leads. No citation, quotation, or case description from those sources will be used unless independently verified in the underlying authority.

4. Maintain a written citation-verification checklist for each substantive filing and preserve the source reviewed for every citation.
5. Keep draft and filing versions in separate locations, label the filing copy clearly, and compare the document to be signed and uploaded with the verified final version before submission.
6. Obtain training in available LexisNexis citation- and brief-analysis tools as a supplemental check, complete any additional continuing legal education the Court directs (I completed two courses on October 1, 2026; see Exhibits 1 and 2), and request additional time or assistance whenever circumstances would prevent full verification.

**V. Governing Standards and Requested Disposition**

I recognize that Rule 11(b)(2) required a reasonable inquiry before I presented the memoranda to the Court and that the absence of bad faith does not, by itself, resolve the Rule 11 issue. The source review I performed was plainly inadequate and unacceptable. I do not ask the Court to treat the draft status of ECF No. 7-1, my personal circumstances, or the absence of intent as an excuse for that failure, and I accept that the error was mine alone.

Pennsylvania Rule of Professional Conduct 3.3(a)(1), however, requires a knowingly false statement or a knowing failure to correct one. See Pa. R.P.C. 3.3(a)(1). I did not know that the challenged citations or quotations were false when I filed them, and I did not intend to mislead the Court or Plaintiff's counsel. When the errors in ECF No. 7-1 were raised, I acknowledged them and sought leave to substitute a corrected memorandum. That attempted correction was itself inadequate, but I did not know the *Foman* passage was inaccurate until the Court identified it. This Response formally corrects and withdraws every statement identified in the Order. I therefore respectfully submit that my conduct, though deficient under Rule 11's reasonable-inquiry standard, was not a knowing violation of Rule 3.3. I ask the Court to consider this explanation in light of all of these circumstances, and I understand that, despite these circumstances, the responsibility to ensure the accuracy of filed citations and information is mine alone.

I respectfully request that the Court discharge the Order to Show Cause without a monetary sanction or disciplinary referral. If the Court concludes that a sanction is warranted, I ask that it be limited to an admonition and the nonmonetary corrective measures above. Those measures would satisfy Rule 11(c)(4)'s deterrent purpose. I will appear at the October 15, 2026 hearing as directed and will comply with any additional measures the Court imposes. I regret the time the Court has had to devote to this matter.

**VERIFICATION**

I declare under penalty of perjury that the factual statements in this Response are true and correct. Executed on October 2, 2026.

Respectfully submitted,

/s/ Mark Sophocles

Dated: October 2, 2026

MARK T. SOPHOCLES, ESQUIRE
PA ATTORNEY I.D. NO. 74998
MARK THOMAS SOPHOCLES, LLC
21 INDUSTRIAL BLVD., SUITE 201
PAOLI, PA 19301
610.651.0105
MARK@SOPHOCLESLAW.COM

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

ANTHONY WHITFIELD, individually and on behalf of others similarly situated,

Plaintiff,

v.

PRIME AGENCY, LLC,

Defendant.

Civil Action No. 2:26-cv-00327-AMP

# EXHIBIT 1

CLE Certificate: AI & the Future of Legal Search (October 1, 2026)

# Certificate of CLE Program Completion

Verified Certificate of CLE Completion

This certificate proudly presented to

## Mark Sophocles

**Bar number: 74998**

for successfully completing

## AI & the Future of Legal Search

**Course ID: LPM00**

Date of Completion

**October 01, 2026**

State of Accreditation

**Pennsylvania**

Credits Received

**1.00 General**

Pennsylvania Continuing Legal Education Board
Pennsylvania Judicial Center
601 Commonwealth Ave., Suite 3400, PO Box 62495
Harrisburg, PA, 17106-2495

LEXVID

Accredited Pennsylvania Provider # 6433 | info@lexvid.com | 877-327-1226

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

ANTHONY WHITFIELD, individually and on behalf of others similarly situated,

Plaintiff,

v.

PRIME AGENCY, LLC,

Defendant.

Civil Action No. 2:26-cv-00327-AMP

# EXHIBIT 2

CLE Certificate: Ethics of AI ChatGPT (October 1, 2026)

# Certificate of CLE Program Completion

Verified Certificate of CLE Completion

This certificate proudly presented to

## Mark Sophocles

Bar number: 74998

for successfully completing

### Ethics of AI ChatGPT

Course ID: ETH00

Date of Completion

**October 01, 2026**

State of Accreditation

**Pennsylvania**

Credits Received

**1.00 General**
**Including 1.00 Ethics**

Pennsylvania Continuing Legal Education Board
Pennsylvania Judicial Center
601 Commonwealth Ave., Suite 3400, PO Box 62495
Harrisburg, PA, 17106-2495

LEXVID

Accredited Pennsylvania Provider # 6433 | info@lexvid.com | 877-327-1226

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

ANTHONY WHITFIELD, individually and on behalf of others similarly situated,

Plaintiff,

v.

PRIME AGENCY, LLC,

Defendant.

Civil Action No. 2:26-cv-00327-AMP

# EXHIBIT 3

February 13, 2026 Email

# Re: Murch v. Quest Docket: Case # 2025-61839-CIV-DAMIAN

1 message

**Mark Sophocles Esq.** <mark@sophocleslaw.com> Fri, Feb 13, 2026 at 4:20 PM
To: damian@flsd.uscourts.gov, Anthony Paronich <anthony@paronichlaw.com>, Andrew Perrong <a@perronglaw.com>, brian.feeney@gtlaw.com, Sandra.Loe@gtlaw.com, Mark.Salky@gtlaw.com, Johanna_Borges@flsd.uscourt.gov

Honorable Melissa Damian
United States District Judge
Southern District of Florida

**RE: Murch v. Quest Health Solutions, LLC et al.**
Civil Docket No. 25-CV-61839-MD

Dear Judge Damian:

I write to update the Court and respectfully request guidance regarding the above-referenced matter, following a conversation earlier today with Johanna Borges in Your Honor's chambers.

**[REDACTED: client information in an unrelated matter]**

Additionally, I have recently been out of the office frequently due to serious health challenges faced by my elderly parents, which make travel difficult for the foreseeable future.

Given these circumstances, I respectfully request a brief conference with Your Honor and counsel of record, or alternatively, a phone call with your law clerk to discuss how best to proceed. I have also received a subpoena from Plaintiff and am compiling responses and objections.

Thank you for your consideration. Please feel free to contact me at your convenience.

Respectfully submitted,

Mark Sophocles, Esquire