IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANTHONY WHITFIELD,** individually and on behalf of others similarly situated, | Civil Action No. 2:26-cv-00327-AMP |
| ***Plaintiff*** | |
| v. | CLASS ACTION |
| **PRIME AGENCY, LLC,** | |
| ***Defendant*** | |

**DEFENDANT PRIME AGENCY, LLC'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT**

Defendant Prime Agency, LLC ("Defendant"), by its counsel, Mark Thomas Sophocles, Esquire, files this First Amended Answer pursuant to Federal Rule of Civil Procedure 15(a)(1)(A), which supersedes its Answer filed September 24, 2026 (ECF No. 27), answers Plaintiff's Class Action Complaint (ECF No. 1), and pleads Affirmative Defenses as follows:

1. Defendant admits that Congress enacted the Telephone Consumer Protection Act of 1991 ("TCPA"). The remaining allegations consist of quotations and legislative or legal characterizations to which no factual responses are required and Defendant denies any allegation that it engaged in any unlawful conduct.

2. Defendant admits that federal regulations establish a National Do Not Call Registry and that the TCPA provides a private right of action subject to statutory requirements. The remaining allegations, including the quoted material, characterize legal authorities and consist of argument to which no factual response is required. To the extent a response is required, Defendant denies that Plaintiff has established a legal entitlement to relief against Defendant.

3. Defendant admits that Plaintiff purports to bring this action under the TCPA. Defendant denies that it made, or is legally responsible for, unlawful calls to Plaintiff, and denies that any call

at issue was made without Plaintiff's prior express invitation or permission. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the alleged registration history of Plaintiff's number and therefore denies that allegation.

4. Defendant admits that Plaintiff seeks to represent a proposed nationwide class. Defendant denies the allegations concerning Defendant's use of the described calling technology, denies that it made "illegal telemarketing calls" as alleged, and denies that this action satisfies the requirements for class certification.

5. Denied.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's alleged residence and therefore denies that allegation.

7. Defendant admits that it is a limited liability company headquartered in Boca Raton, Florida, and is engaged in marketing insurance products. Defendant denies any characterization of it as an "insurance company" as alleged rather than an insurance agency.

8. Defendant admits that Plaintiff asserts a claim arising under federal law and that the Court has federal-question subject-matter jurisdiction under 28 U.S.C. § 1331 but Defendant denies that Plaintiff is entitled to relief.

9. The allegations of this paragraph concerning personal jurisdiction and venue are legal conclusions to which no response is required. Defendant does not contest venue in this District for purposes of this action. Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's alleged residence and therefore denies that factual allegation.

10. Defendant admits that Congress enacted the TCPA in 1991 and addressed telemarketing and privacy in its legislative findings. The remaining allegations characterize those

findings and require no factual response and Defendant denies any implication that it violated the TCPA.

11. Admitted.

12. Defendant admits that 47 C.F.R. § 64.1200(c)(2) contains the quoted language.

13. Defendant admits that 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2) govern certain telephone solicitations and provide for liability subject to those cited requirements and applicable exceptions and defenses. Defendant denies that it is liable to Plaintiff.

14. Admitted.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

24. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

25. Denied. Defendant avers that on or about November 3, 2025, Plaintiff voluntarily submitted an online request for insurance information through sagehealthplans.com, and that the brokered lead and associated consent record reflecting that submission were both transmitted to Defendant.

26. Defendant denies that it initiated the outbound call or calls alleged in this paragraph and denies that any such call was made on its behalf under circumstances imposing liability on Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations concerning Plaintiff's receipt of calls and therefore denies those allegations.

27. Defendant denies that it initiated the outbound call or calls alleged in this paragraph and denies that any such call was made on its behalf under circumstances imposing liability on Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the caller identification information allegedly displayed and as to the remaining allegations concerning Plaintiff's receipt of calls and therefore denies those allegations. Without waiving any basis for denial, Defendant avers that telephone number (267) 287-9845 is not owned, used, or controlled by Defendant and is not otherwise associated with Defendant. Defendant further avers, in the alternative, that to the extent any follow-up call was made to Plaintiff by or on behalf of Defendant, it was made after Plaintiff's November 3, 2025 online request for insurance information.

28. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff rejected the call and therefore denies it.

29. Defendant denies that it initiated the outbound call or calls alleged in this paragraph and denies that any such call was made on its behalf under circumstances imposing liability on Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations concerning Plaintiff's receipt of calls and therefore denies those allegations. Without waiving any basis for denial, Defendant avers in the alternative that, to the extent any call was made to Plaintiff by or on behalf of Defendant, it followed Plaintiff's November 3, 2025 online request for insurance information and the permission reflected in the associated consent record.

30. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the alleged conversation and therefore denies that allegation. Defendant denies that the alleged caller acted as Defendant's agent in initiating an unlawful call to Plaintiff. Without waiving any basis for denial, Defendant avers that Plaintiff's call was transferred to Lamarre Touissant, and that Mr. Touissant did not initiate the call to Plaintiff, as reflected in the transcription of the call.

31. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the alleged statements during the call or the callback number allegedly supplied and therefore denies those allegations. Defendant denies that this alleged conversation establishes that Defendant initiated or is legally responsible for an unlawful call.

32. Defendant admits that its business name is Prime Agency, LLC and that it is headquartered in Boca Raton, Florida. Defendant admits that in November 2025 the number (863) 862-9643 was a number owned, leased, or answered by or for Defendant, and avers that it is the number Mr. Touissant provided to Plaintiff for a return call after Plaintiff's call was transferred to Mr. Touissant.

33. Admitted in part and denied in part. Defendant admits that Mr. Touissant was employed by Defendant and is a licensed agent. Defendant lacks knowledge or information sufficient to form a belief as to what Plaintiff purportedly confirmed, or with whom, and therefore denies the remaining allegations of this paragraph.

34. Defendant denies that it directed or authorized the alleged outbound calls to solicit its business or that the calls were made on its behalf under circumstances imposing liability on Defendant. Defendant incorporates its responses to the preceding paragraphs as if fully set forth herein. Defendant lacks knowledge or information sufficient to form a belief as to the independent caller's purpose and therefore denies the remaining allegations.

35. Denied. Defendant relies on the permission reflected in the November 3, 2025 online consent record from sagehealthplans.com associated with the brokered lead, as further stated in its First Defense below. Defendant further avers that, as reflected in the transcription of the call, Plaintiff agreed during the call that Mr. Touissant could call him back.

36. Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's subjective reaction to the alleged calls and therefore denies that allegation. Defendant denies that it made or is liable for unlawful calls to Plaintiff. Defendant incorporates its responses to the preceding paragraphs as if fully set forth herein.

37. Denied. Defendant incorporates its responses to paragraphs 35 and 36 as if fully set forth herein.

38. Defendant denies that it unlawfully invaded Plaintiff's privacy or is liable for the alleged invasion. Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's alleged personal experience and therefore denies the remaining factual allegations.

39. Denied. Defendant incorporates its responses to paragraphs 35 and 36 as if fully set forth herein.

40. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the alleged effects on Plaintiff or other recipients and therefore denies those allegations. Defendant denies that its conduct caused a compensable injury or that it is liable for the relief requested to Plaintiff or to any putative class members as averred in this allegation.

41. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the alleged effects on Plaintiff or other recipients and therefore denies those allegations. Defendant denies that its conduct caused a compensable injury or that it is liable for the relief requested regarding Plaintiff and to any putative class member(s) as alleged in this allegation.

42. Defendant incorporates its responses to the preceding paragraphs as if fully set forth herein.

43. Defendant admits that Plaintiff purports to bring this action individually and on behalf of a proposed class under Rule 23(b)(2) and/or Rule 23(b)(3). Defendant denies that the requirements for certification are satisfied.

44. Defendant admits that this paragraph sets forth Plaintiff's proposed class definition. Defendant denies that the proposed class or any putative class member is properly certifiable or that Plaintiff has established membership in a class entitled to relief against Defendant.

45. Denied. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

46. Admitted in part and denied in part. Defendant admits that Plaintiff proposes the stated exclusionary person(s) from the proposed class. Defendant denies that those exclusions establish that certification is appropriate.

47. Defendant lacks knowledge or information sufficient to form a belief as to the alleged experiences of Plaintiff and unidentified proposed class members and therefore denies those allegations. Defendant denies that it caused the alleged harm or is liable to Plaintiff or any proposed class member.

48. Defendant admits that the Complaint requests injunctive relief and money damages. Defendant denies that Plaintiff or any proposed class member is entitled to injunctive relief or money damages.

49. Denied. Defendant specifically denies that it initiated the alleged call to Plaintiff or the alleged calls, denies that it maintains "dialer records" of them, and denies that any proposed class is identifiable through Defendant's records given these facts. Defendant incorporates its responses to the preceding paragraphs as if fully set forth herein.

50. Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's knowledge or asserted belief regarding the number of proposed class members and therefore denies those allegations. Defendant denies that Plaintiff has established a class satisfying Rule 23(a)(1).

51. Denied. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

52. Denied. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

53. Denied. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

54. Defendant admits that subparagraphs (a), (b), and (c) identify issues that Plaintiff proposes for class treatment. Defendant denies the allegations of unlawful conduct underlying those issues and denies that they establish commonality, predominance, or entitlement to class

certification or enhanced damages. Defendant further avers that Plaintiff's claim rests on two alleged calls to a single telephone number; that Defendant did not initiate those calls; and that, in the alternative, any call made to Plaintiff on Defendant's behalf followed Plaintiff's November 3, 2025 consented and initiated request for insurance information and the permission reflected in the associated consent record. Subparagraphs (a), (b), and (c) are denied as stated above.

55. Denied. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

56. Defendant admits that Plaintiff is represented by counsel. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations concerning experience, commitment, and financial resources and therefore denies them. Defendant denies that Plaintiff has established adequacy of representation under Rule 23.

57. Denied. Defendant denies that common questions of law and fact predominate over questions affecting only individual class members and denies that a class action is superior to other available methods for the fair and efficient adjudication of this controversy. Defendant further denies that the only individual question concerns identification of class members and denies that class members are identifiable from records maintained by Defendant. To the extent the paragraph refers to records maintained by third parties, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Defendant incorporates its responses to the preceding paragraphs as if fully set forth herein.

58. Defendant lacks knowledge or information sufficient to form a belief as to whether unidentified proposed class members would pursue individual actions and therefore denies those allegations. Defendant denies that the allegations establish superiority or otherwise justify class certification.

59. Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's awareness of other litigation and therefore denies that allegation.

60. Defendant incorporates its responses to paragraphs 1 through 59 as if fully set forth herein.

61. Denied. Defendant denies that it made or is legally responsible for telephone solicitations in violation of the cited section of the TCPA or its implementing regulations and incorporates all preceding responses as if fully set forth at length herein.

62. Denied. Defendant denies that any "violations" as stated occurred and that said alleged "violations" by Defendant were negligent, willful, or knowing.

63. Defendant denies that Plaintiff or any proposed class member is entitled to damages against Defendant. The TCPA's statutory provisions govern the relief available upon proof of a violation; Defendant denies that any such violation or basis for enhanced damages has been established.

64. Denied. Defendant denies that Plaintiff or any proposed class member is entitled to the requested injunction against Defendant.

**RESPONSE TO PRAYER FOR RELIEF**

Defendant denies that Plaintiff or any proposed class member is entitled to the relief requested in subparagraphs A through D of the Complaint's Prayer for Relief, or to any other relief against Defendant.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following affirmative and other defenses, in the alternative where appropriate, without assuming any related burden of proof that applicable law assigns to Plaintiff. Defenses that controvert elements of Plaintiff's claim are stated separately from affirmative defenses for clarity.

## FIRST DEFENSE: PRIOR EXPRESS INVITATION OR PERMISSION

Defendant asserts prior express invitation or permission under 47 C.F.R. § 64.1200(c)(2)(ii) and § 64.1200(f)(15)(i) predicated upon the fact that Defendant received a brokered insurance lead accompanied by an online consent record reflecting a November 3, 2025 submission through sagehealthplans.com where Plaintiff consented to requested follow-up calling.

Defendant contends that Plaintiff's submission and its associated disclosure constituted a signed, written agreement, executed electronically, in which Plaintiff expressly agreed to be contacted at the telephone number at issue regarding related insurance products, and that the call(s) alleged in the Complaint therefore do not constitute "telephone solicitations" within the meaning of the TCPA and its implementing regulations. Defendant relies on that permission as a defense to all calls within its scope.

## SECOND DEFENSE: ABSENCE OF DIRECT OR VICARIOUS LIABILITY

Defendant denies that it initiated the alleged outbound call or calls, that it took the reasonable and related steps necessary to physically commence or place them, or that the caller acted on Defendant's behalf under these circumstances giving rise to vicarious liability. Defendant contends at all times relevant herein that the broker who initiated the call independently controlled

the relevant and related outbound calling and dialing activities, and expressly denies that Defendant directed those calling activities, controlled the specific manner or means of these communications and or calls, conferred actual or apparent authority on said broker for the alleged calls, or ratified the allegedly unlawful conduct with knowledge of the material facts. Defendant's purchase or receipt of a lead, without the additional facts required to establish an agency relationship, does not, by itself, establish that Defendant made or is otherwise responsible for the alleged calls or any alleged violations as alleged by Plaintiff.

**THIRD DEFENSE: STATUTORY CALL REQUIREMENT**

Defendant denies that Plaintiff received more than one (1) call within a twelve (12)-month period by or on behalf of Defendant in violation of the regulations prescribed under 47 U.S.C. § 227(c), as required by 47 U.S.C. § 227(c)(5). Defendant disputes the origin, attribution, and unlawful character of the two (2) calls as alleged by Plaintiff. Defendant contests proof of the statutory elements and does not challenge the Court's determination that the Complaint adequately pleaded a claim.

**FOURTH DEFENSE: ENHANCED DAMAGES**

Defendant denies any knowing or willful violation and disputes entitlement to enhanced damages under 47 U.S.C. § 227(c)(5). Defendant relies, among other matters, on its receipt of the documented consent record associated with Plaintiff's November 3, 2025 online submission and its requirements concerning lawful lead generation. Defendant further denies that these specific and related circumstances at issue warrant any discretionary enhancement of any damages otherwise proved.

**FIFTH DEFENSE: CLASS CERTIFICATION**

Defendant denies that the proposed class satisfies Rule 23(a), Rule 23(b)(2), or Rule 23(b)(3). The evidence concerning each recipient's permission, the terms and scope of any consent, call origin and attribution, residential use and registration of the number, and the number of qualifying calls may differ among proposed members. Defendant disputes that those matters can be resolved through common proof establishing liability for the proposed class and disputes that Plaintiff has established the prerequisites for the requested class-wide relief.

**SIXTH DEFENSE: ESTABLISHED BUSINESS RELATIONSHIP (ALTERNATIVE)**

In the alternative, to the extent Plaintiff's November 3, 2025 submission constituted an inquiry or application regarding the specific related insurance products or services offered by or through Defendant, the alleged call(s), made within three (3) months of that inquiry, were made to a person with whom Defendant had an established business relationship within the meaning of 47 C.F.R. § 64.1200(f)(5), and are expressly excluded from the definition of "telephone solicitation" by 47 C.F.R. § 64.1200(f)(15)(ii).

**SEVENTH DEFENSE: RESIDENTIAL TELEPHONE SUBSCRIBER**

Defendant denies that Plaintiff and each proposed class member was a "residential telephone subscriber" within the meaning of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2) with respect to each number allegedly called. The residential character of a wireless number is a question of fact, and any presumption to that effect is rebuttable.

**EIGHTH DEFENSE: STATUTE OF LIMITATIONS**

The claims of any proposed class member arising from calls made more than four (4) years before the filing of the Complaint are barred by the applicable statute of limitations, 28 U.S.C. § 1658(a).

**NINTH DEFENSE: WAIVER AND ESTOPPEL**

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and estoppel, in that Plaintiff voluntarily requested insurance information, requested and agreed to be contacted at the telephone number at issue and may not recover for any call(s) responsive to that request.

**TENTH DEFENSE: STANDING OF PROPOSED CLASS MEMBERS**

To the extent any proposed class member did not receive, answer, or perceive an alleged call, or otherwise suffered no concrete injury as a result thereof, that person lacks standing under Article III of the United States Constitution to recover damages. This affirmative defense is directed to the proposed class and does not challenge the Court's ruling as to Plaintiff's standing (ECF No. 26).

**ELEVENTH DEFENSE: EXCESSIVE STATUTORY DAMAGES**

An award of aggregated statutory damages to a class of the size alleged, untethered to any actual injury, would be grossly excessive and disproportionate to any harm and would violate the Due Process Clause of the Fifth Amendment to the United States Constitution.

**REQUEST FOR RELIEF**

**WHEREFORE**, Defendant Prime Agency, LLC respectfully requests that the Court enter judgment in its favor and against Plaintiff; deny Plaintiff's requests for damages, injunctive relief, and class certification; award Defendant taxable costs as permitted by law; and grant such other relief as the Court deems just and proper.

**JURY DEMAND**

Defendant demands a trial by jury on all issues so triable.

Respectfully submitted,

MARK THOMAS SOPHOCLES, LLC

/s/ Mark T. Sophocles
MARK T. SOPHOCLES, ESQUIRE
PA Attorney I.D. No. 74998
21 Industrial Boulevard, Suite 201
Paoli, PA 19301
Telephone: 610-651-0105
mark@sophocleslaw.com
Counsel for Defendant Prime Agency, LLC

Dated: October 14, 2026