**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANTHONY WHITFIELD, individually and on behalf of others similarly situated,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| **v.** | : | **NO. 26-0327** |
| **PRIME AGENCY, LLC,** | : | |
| **Defendant.** | : | |

**ORDER**

This matter is before the Court pursuant to an Order to Show Cause (ECF No. 25) issued under Fed. R. Civ. P. 11(c)(3). Upon consideration of the Response of Mark T. Sophocles, Esquire (ECF No. 28), the Plaintiff's Supplemental Submission in Response (ECF No. 29), and the arguments and evidence offered by the parties on the record during the hearing held on October 15, 2026, and for the reasons stated on the record during that hearing and as set forth in this Order, the Court finds Defendant's counsel, Mark T. Sophocles, Esq., violated Fed. R. Civ. P. 11(b)(2), and imposes the sanctions set forth in greater detail below.

## I. Background

1. On February 16, 2026, Defendant filed its Motion to Dismiss (ECF No. 7). As described in the Order to Show Cause, the Memorandum of Law in Support of Defendant's Motion to Dismiss (ECF No. 7-1) contained at least six passages with characteristics consistent with artificial intelligence hallucinations. The passages included citations to cases that do not exist, mischaracterizations of a caselaw, and attribution of quotations that do not appear to exist in cases that do exist. (*See* ECF No. 25, ¶¶ 2-3.)

2. On March 9, 2026, Plaintiff filed an Opposition to the Motion to Dismiss (ECF No. 13) which raised concerns about Defendant's Motion to Dismiss containing misrepresentations of law due to potential inappropriate use of artificial intelligence. On March 11, 2026, following Plaintiff's Opposition, Defendant filed a Motion to Amend/Correct the Motion to Dismiss (ECF No. 15).

3. On March 27, 2026, in an Affidavit to the Court, Mr. Sophocles, accepted responsibility for the erroneous citations in the initial Motion to Dismiss and explained that they were part of a draft version which was inadvertently filed. (ECF No. 17-2, ¶ 4.) In that Affidavit, Mr. Sophocles also represented to the Court that he "implemented additional review measures to ensure accuracy in future filings." (*Id.*, ¶ 12.)

4. This case was reassigned to this Court on August 28, 2026 (ECF No. 20). Upon the Court's review of the pending motions, the Court was also unable to verify a citation in the memorandum attached to the Motion to Amend/Correct the Motion to Dismiss (ECF No. 15-1). (*See* ECF No. 25, ¶¶ 5-6.)

5. On September 18, 2026, in consideration of these numerous and repeated issues, this Court entered an Order to Show Cause (ECF No. 25) requiring Mr. Sophocles to show cause why his statements in Defendant's Memorandum of Law in Support of Defendant's Motion to Dismiss (ECF No. 7-1), Defendant's Memorandum in Support of Motion to Amend/Correct and Substitute a Corrected Filing (ECF No. 15-1), and his Affidavit (ECF No. 17-2) did not violate Rule 11(b) and/or Pa. R.P.C. 3.3.

6. On October 2, 2026, Mr. Sophocles filed his Response to the Order to Show Cause in which he accepted responsibility for his inappropriate use of artificial intelligence in the Motion to Dismiss, attributed human error to the incorrect citation in the Motion to Amend, and described

his statement in his Affidavit that he had implemented additional safeguards in his practice as "incomplete" and "premature[ ]." (ECF No. 28, at 1-3.) In addition to taking responsibility for misrepresentations made across three filings, Mr. Sophocles attended two Continuing Learning Education courses on the use of artificial intelligence and detailed the personal constraints he had been working under during this time period due to caring for his elderly parents. (ECF No. 28, at 3-5.)

7. In parallel with the issuance of this Court's Order to Show Cause, and Mr. Sophocles' responses thereto, on September 24, 2026, Mr. Sophocles filed an Answer to the Complaint (ECF No. 27) on Defendant's behalf. Concerningly, the text of Defendant's "Second Defense Reasonable Practices and Procedures," contained bracketed language which offered a selection of facts which could be selected to support the affirmative defense proffered. That text is reproduced as follows:

> Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c), including **[written do-not-call compliance procedures; training of personnel; maintenance of an internal list of numbers not to be called; a process for scrubbing calls against the National Do Not Call Registry; and]** contractual requirements that lead vendors represent compliance with applicable telemarketing law and document consumer consent for each brokered lead, on which Defendant relied with respect to the lead at issue.

(ECF No. 27, at 11-12) (brackets in original) (emphasis added).

8. On October 8, 2026, in Plaintiff's Supplemental Submission, Plaintiff raised concern that Defendant's counsel has once again negligently used artificial intelligence. (ECF No. 29, at 6.)

9. On October 14, 2026, the day before the hearing on the Order to Show Cause, Mr. Sophocles filed an Amended Answer (ECF No. 31) which removed the entirety of the defense at

issue. (*See* ECF No. 31.)

10. On October 15, 2026, the Court held a hearing on the Order to Show Cause. During that hearing, Mr. Sophocles did not dispute, and accepted responsibility for, the errors and overstatements contained in the Memorandum of Law in Support of Defendant's Motion to Dismiss (ECF No. 7-1); Memorandum in Support of Motion to Amend/Correct and Substitute a Corrected Filing (ECF No. 15-1); Affidavit (ECF No. 17-2); and Answer to the Complaint (ECF No. 27).

11. Mr. Sophocles explained that the use of commercially available artificial intelligence tools, rather than tools made specifically for the practice of law, contributed to the erroneous citations he included in the Memorandum of Law in Support of Defendant's Motion to Dismiss (ECF No. 7-1). At the time of drafting the Motion to Dismiss, Mr. Sophocles was frequently working from his parents' house during odd hours, rather than his office, to take care of his parents and he had unintentionally filed a version of the draft which he had not fully vetted for complete accuracy. While he did not seek to excuse his error, he explained that his failure to verify the citations was in part due to his familial commitments which were demanding. Mr. Sophocles further relayed to the Court that until very recently he had not used the assistance of artificial intelligence tools as he was familiar with sanctions issued to lawyers for submitting inaccurate citations in court filings due to improper usage.

12. For the Memorandum in Support of Motion to Amend/Correct and Substitute a Corrected Filing (ECF No. 15-1), Mr. Sophocles represented that he had not used any artificial intelligence tools to assistance him. The construction of the nonexistent quotation which he attributed to a Supreme Court decision was the result of him failing to verify all of his citations.

Mr. Sophocles's explanation for his statements in his Affidavit (ECF No. 17-2) was simply that they were premature and agreed that he should not have made such representations at that time.

13. Mr. Sophocles further explained that the bracketed language in the Answer (ECF No. 27) was a placeholder for a potential defense that he included, but for which he was still seeking confirmation from his client and for which he did not have a factual basis at the time it was included in the Answer.

## II. Legal Standard

14. Under Fed. R. Civ. P. 11(b)(2), attorneys and parties who present filings to federal courts certify that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]" *Bunce v. Visual Technology Innovations*, Civil No. 23-cv-1740, 2026 WL 1082135, at * 1 (E.D. Pa. Apr. 20, 2026). "'Rule 11 requires only negligence, not bad faith' for a court to find that an attorney failed to meet their obligations under the rule." *Id.*, at * 2 (quoting *Wharton v. Superintendent Graterford SCI*, 95 F.4th 140, 147 (3d Cir. 2024)). "In other words, courts can sanction lawyers for what they should have known, not just what they knew." *Id.* (quoting *Wharton*, 95 F.4th at 148). And cases in which Rule 11 violations are a recurring issue are of particular concern. *C/f McCarthy v. United States Drug Enforcement Administration*, 171 F.4th 245, 250-51 (3d Cir. 2026).

15. Pa. R.P.C. 3.3(a)(1) provides: "A lawyer shall not knowingly … make a false statement of material fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer."

## III. Findings

16. For the reasons stated on the record at the Order to Show Cause hearing held on October 15, 2026 and set forth above, the Court finds that Mr. Sophocles's citations to cases that do not exist, mischaracterizations of a caselaw, and attribution of quotations that do not appear to exist in cases that do exist in the Memorandum of Law in Support of Defendant's Motion to Dismiss (ECF No. 7-1) constitute a negligent violation of Fed. R. Civ. P. 11(b)(2).

17. For the reasons stated on the record at the Order to Show Cause hearing held on October 15, 2026 and set forth above, the Court finds that Mr. Sophocles's attribution of a quotation that did not exist in a case that did exist in Defendant's Memorandum in Support of Motion to Amend/Correct and Substitute a Corrected Filing (ECF No. 15-1) also constitutes a negligent violation of Fed. R. Civ. P. 11(b)(2).

18. For the reasons stated on the record at the Order to Show Cause hearing held on October 15, 2026 and set forth above, the Court finds that Mr. Sophocles's statements in his Affidavit (ECF No. 17-2) regarding remedial measures to his practice were inaccurate statements to the Court and an at least negligent violation of Fed. R. Civ. P. 11(b)(2).

19. For the reasons stated on the record at the Order to Show Cause hearing held on October 15, 2026 and set forth above, the Court finds that Mr. Sophocles's Answer to the Complaint (ECF No. 27) which contained placeholder factual representation in an affirmative defense constituted a negligent violation Fed. R. Civ. P. 11(b)(2).

20. As the Court does not find that the record supports a finding that Mr. Sophocles knowingly made a false statement to the Court, the Court does not find him in violation of Pa. R.P.C. 3.3(a)(1).

## IV. Sanctions

21. In determining sanctions for the violations of Fed. R. Civ. P. 11(b)(2), the Court considered Mr. Sophocles's difficult familial circumstances, the representations made at the hearing regarding his practice as a solo practitioner and his remedial plan to prevent future violations, including his evaluation of the possibility of hiring an associate, hiring additional support staff, and turning away additional cases which he did not believe he could appropriately handle. The Court also considered the fact that Mr. Sophocles was forthcoming in his answers to the Court during the hearing, that he admitted his failures without minimizing his conduct, and has taken corrective measures to prevent recurrence. And the Court believes that Mr. Sophocles's contrition was sincere. On the other hand, however, "the mitigating force of [an Attorney's] remedial conduct is lessened [where] he only made such efforts after [the Court] issued the show cause order." *See McCarthy*, 171 F.4th at 251. In this case, it appears that Mr. Sophocles did not fully appreciate the severity of his violations until the Order to Show Cause was issued, that his representations to the Court in his March 27, 2026, Affidavit were, in his words, "incomplete" and "premature," and issues continue to persist as recently as the filing of Defendant's Answer to the Complaint a few weeks ago. (*See* ECF Nos. 27, 28.)

22. The Court's concerns about the continuing nature of the issues in this case, and Mr. Sophocles's ability to meet professional standards of competence more generally, are particularly acute because it appears to the Court that the stresses with which Mr. Sophocles is contending in his personal life appear to have contributed to the errors in this case. While Mr. Sophocles has represented to the Court that he is considering additional steps to strengthen his practice, his prior representations to the Court that he had implemented remedial measures were admittedly not accurate, and Mr. Sophocles has not committed to taking further steps to improve the resiliency of

a solo practice with a heavy case load and continuing problems. That he has filed incomplete documents with this court as recently as September 24, 2026 – after the Order to Show Cause was issued, and he was on notice that his conduct was under close scrutiny – strongly suggests that Mr. Sophocles may require further oversight to bring his practice into line with professional standards.

23. Accordingly, taking account of the totality of the circumstances, including mitigating factors and the severity and recurrence of the Fed. R. Civ. P. 11(b)(2) violations in this case, the Court **ORDERS** sanctions as follows:

a. The court imposes a monetary sanction of $1,000 on Mark T. Sophocles, Esq, payable to the Clerk of Court or a charity of his choosing within fourteen (14) days of this Order. Mr. Sophocles shall file a certification of payment with the Court via ECF when completed.

b. In all filings made by Mark T. Sophocles, Esq to the Court on this matter going forward, Mr. Sophocles will certify that: (1) he personally reviewed the filing; (2) confirmed all citations are accurate; and (3) all facts asserted have a good faith basis in fact.

c. This Court will not tolerate additional violations of Fed. R. Civ. P. 11. Any further violations by Mark T. Sophocles, Esq, will result in disqualification from this matter.

d. Mark T. Sophocles, Esq shall provide a copy of the Order to Show Cause (ECF No. 25) and this Order to his client, Defendant Prime Agency, LLC, and certify that he has done so on or before Friday, October 23, 2026.

e. The Court will transmit a copy of this Order to the Disciplinary Board of the Supreme Court of Pennsylvania, so that the Disciplinary Board may evaluate whether further oversight of Mr. Sophocles' practice is necessary.

Dated: October 19, 2026

/s/ Antonio M. Pozos
**ANTONIO M. POZOS, J.**