IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANTHONY WHITFIELD**, individually and on behalf of others similarly situated,<br>Plaintiff, | CIVIL ACTION |
| v. | No. 2:26-cv-00327-AMP |
| **PRIME AGENCY, LLC,**<br>Defendant. | CLASS ACTION |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO WITHDRAW AS COUNSEL**

## I. BACKGROUND

Movant represents Defendant Prime Agency, LLC in this putative class action under the Telephone Consumer Protection Act. Prime has discharged Movant and stated that it will retain new counsel. Movant sent Prime an executed praecipe for substitution on October 22, 2026, but no successor counsel has yet entered an appearance. The facts are set out in the accompanying Motion and are incorporated here.

## II. ARGUMENT

### A. Movant is required to withdraw because Prime has discharged him.

Attorneys practicing in this Court are governed by the Pennsylvania Rules of Professional Conduct. Rule 1.16(a)(3) provides that a lawyer shall withdraw from the representation of a client if the lawyer is discharged. Pa. R. Prof'l Conduct 1.16(a)(3). Because Prime has discharged Movant this discharge compels Movant to file the instant Motion. Withdrawal is therefore mandatory, subject only to the Court's leave under Local Civil Rule 5.1.

**B. Withdrawal on the proposed terms will not prejudice Prime or Plaintiff.**

Rule 1.16(d) requires a withdrawing lawyer to take steps reasonably practicable to protect the client's interests, including giving reasonable notice and allowing time for clients to employ other counsel. Pa. R. Prof'l Conduct 1.16(d). Movant has told Prime in writing that it must retain counsel, forwarded the Court's Rule 16 notice and Plaintiff's correspondence, and prepared a substitution praecipe for successor counsel's use to facility substitution of counsel in lieu of filing the instant Motion.

Movant also recognizes that Prime, as a limited liability company, cannot appear in this Court without licensed counsel. For that reason, Movant does not ask to leave Prime unrepresented immediately and asks that withdrawal take effect on the earlier of successor counsel's appearance or thirty (30) days after the Court's Order.

During that period Movant will accept service and forward everything to Prime. These terms address Plaintiff's stated concern: Plaintiff's counsel opposes withdrawal until replacement counsel has actually entered an appearance.

The proposed Order set forth as part of this Motion ties withdrawal to that event, with a short outside date so that a discharged lawyer is not held in the case indefinitely against his former client's wishes.

**C. A short continuance of the Rule 16 conference and Rule 26(f) deadlines is warranted.**

The Court's October 20, 2026 Order requires a Rule 26(f) conference by October 29, 2026, initial disclosures by November 5, 2026, a Rule 26(f) Report before November 12, 2026, and established a Rule 16 conference on November 19, 2026, at which lead trial counsel must appear with settlement authority.

The obligations under ECF No. 34 have substantive requirements for the Parties and Counsel. Each step requires counsel to make discovery, scheduling and settlement commitments on Prime's behalf. Movant cannot properly make those commitments for a client that has discharged him, and successor counsel should not be bound by them. An extension of about thirty (30) days will let successor counsel appear, confer with Plaintiff's counsel, and attend the conference with actual authority. The case is at an early stage, no discovery has been exchanged, and the extension will not prejudice Plaintiff.

Because good cause exists in the instant matter for modification of the schedule, leave is requested that the Court grant this Motion and sign an Order similar to the Proposed Order attached hereto. The Court may modify a schedule for good cause. Fed. R. Civ. P. 16(b)(4).

## III. CONCLUSION

Movant respectfully requests that the Court grant the Motion and enter the proposed Order.

Respectfully submitted,

MARK THOMAS SOPHOCLES, LLC

/s/ Mark T. Sophocles

Dated: October 26, 2026

MARK T. SOPHOCLES, ESQUIRE
PA ATTORNEY I.D. NO. 74998
MARK THOMAS SOPHOCLES, LLC
21 INDUSTRIAL BLVD., SUITE 201
PAOLI, PA 19301
(610) 651-0105
MARK@SOPHOCLESLAW.COM