**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Anthony Whitfield, et al.<br>*v.*<br>Prime Agency, LLC | **CIVIL ACTION**<br>**NO. 2:26-cv-00327-AMP** |

# JOINT RULE 26(f) REPORT

Following a fulsome discussion, as contemplated by Fed. R. Civ. P. 26(f), the Parties aver as follows:

## I. Counsel

A. Lead counsel for Plaintiff(s): **Andrew Roman Perrong**

B. Lead counsel for Defendant(s): **Joseph Lipari**

C. Counsel who participated in Rule 26(f) conference on behalf of Plaintiff(s):

**Andrew Roman Perrong**

D. Counsel who participated in Rule 26(f) conference on behalf of Defendant(s):

**Joseph Lipari, Monica Reynolds**

## II. Description of Claims and Defenses

The Parties should assume that the Court has read the Complaint and is familiar with the claims. However, the Court does not know all of the facts supporting those claims, nor the factual bases for the defenses. Therefore, counsel shall summarize the primary facts and threshold legal issues. **Counsel should not merely parrot their pleadings.** In addition, the Parties should attach critical documents to this report for the Court to review, if not attached to the pleadings already (e.g., in a contract case, the document(s) comprising the contract; in a personal injury case, photographs of the scene, etc.).

A. **Plaintiff's Position**

Plaintiff Anthony Whitfield brings this putative class action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c)(5), and 47 C.F.R. § 64.1200(c)(2), on behalf of himself and a proposed National Do Not Call Registry Class. Plaintiff's residential cellular telephone number has been registered on the National Do Not Call Registry since September 17, 2025. Plaintiff has never been a customer of Defendant and never consented to receive telemarketing calls from it. Plaintiff nonetheless received at least two calls soliciting Defendant's insurance products, on November 7 and November 13, 2025, both from caller ID (267) 287-9845. During the November 13 call, Plaintiff spoke with Lamarre Touissaint, who solicited Defendant's insurance products and provided a callback number of (863) 862-9643. Defendant has admitted that Mr. Touissaint was its employee and a licensed agent, and that the callback number was owned, leased, or answered by or for Defendant. (ECF No. 27 ¶¶ 32-33.)

On September 18, 2026, the Court denied Defendant's motion to dismiss, holding that the Complaint states a claim under § 227(c)(5) and that Plaintiff has Article III standing. (ECF No. 26.) In its Answer, Defendant does not dispute that Plaintiff's call reached its licensed agent. Instead, it contends that a "broker" initiated the outbound calls and transferred Plaintiff to Defendant, and that Plaintiff consented to be called by submitting an online request for insurance information through sagehealthplans.com on November 3, 2025. (ECF No. 27 ¶¶ 25, 30, 35 & First and Third Defenses.) Consistent with the Complaint, Plaintiff denies that he submitted any such request and denies that he consented to receive calls from Defendant.

The threshold issues are: (1) whether Defendant is directly liable for the calls, or vicariously liable for calls placed on its behalf by the broker, lead generator, or call center that transferred Plaintiff to Defendant's licensed agent; (2) whether Defendant can carry its burden of

proving prior express invitation or permission under 47 C.F.R. § 64.1200(c)(2)(ii); (3) whether Defendant can establish its remaining affirmative defenses, including the safe harbor under § 64.1200(c)(2)(i); and (4) whether the proposed class satisfies Rule 23. Each of these issues will turn on evidence common to the class, including the calling and transfer records of Defendant and its vendors, the lead and consent records on which Defendant relies, and Defendant's contracts and course of dealing with the entities that generated and transferred the calls.

B. **Defendant's Position**

Defendant asserts that Plaintiff will be unable to meet its burden to demonstrate that he received more than one telephone call within a 12-month period by or on behalf of Defendant. Moreover, to the extent that Plaintiff received a call from Defendant, the call was prompted, upon information and belief, by Defendant's express written consent to receive the call. Defendant also asserts that Plaintiff will be unable to demonstrate entitlement to class certification under FRCP R. 23. Threshold issues include whether Plaintiff can establish that he received more than one call from Defendant after his number had been on the National Do-Not-Call Registry for at least 31 days; whether Plaintiff expressly consented to the call(s); whether the safe harbor defenses are applicable; and whether the R. 23 factors can be satisfied.

**III. Anticipated Scope of Discovery**

A. Summarize with specificity those issues on which the Parties will need to conduct discovery. Identify categories of information each Party needs in discovery and why.

**Plaintiff's Position**

Plaintiff anticipates seeking discovery concerning, among other things:

(1) the calls to Plaintiff, including all recordings and transcriptions, CRM and account entries, notes, call dispositions, and transfer data;

(2) the identity of the broker, lead generator, or call center (if any) that placed the calls and transferred Plaintiff to Defendant, and the subscriber and carrier of caller ID (267) 287-9845, together with Defendant's contracts, communications, invoices, and payments with those entities, all of which bear on direct and vicarious liability;

(3) any lead and consent record on which Defendant relies, including the web form and disclosure language, IP address and device data, time stamps, any verification certificates, and the chain of custody of the lead from its origin to Defendant;

(4) the calling and transferred call records of Defendant and its vendors (if any) for the class period, including the identity of the vendor(s) and call detail records showing the date, time, duration, disposition, and caller ID of each call, with a data dictionary, which are needed to identify class members;

(5) any lead or consent records Defendant contends apply to other putative class members;

(6) Defendant's TCPA and do-not-call policies and training, its National Do Not Call Registry subscription and scrub records, its internal do-not-call list, and the facts underlying its defenses;

(7) consumer complaints and prior complaints, inquiries, or litigation concerning telemarketing calls made by or on behalf of Defendant; and

(8) Defendant's document retention practices, insurance coverage, and any and all other information bearing on the Rule 23 factors.

This discovery is necessary because Defendant's principal defenses depend on records held by Defendant and the entities with which it contracts, and because the same records will establish class membership.

Plaintiff opposes Defendant's request for a threshold or phased discovery period. The issues Defendant proposes to address first, namely whether Plaintiff received more than one call by or on behalf of Defendant and whether he consented, overlap almost entirely with the class issues. Who placed the calls, on whose behalf, and on what claimed consent will be answered by the same witnesses and the same calling, transfer, lead, and vendor records that bear on class certification. Phasing would require duplicative depositions and productions, invite disputes over whether particular requests seek "threshold" or "class" discovery, and delay third party discovery of calling and lead records held by carriers and vendors that may not retain them indefinitely. It would also delay identification of the entities that placed the calls, which Plaintiff may seek to join before the deadline to amend pleadings. The parties agree that all discovery, including class discovery, can be completed by the proposed May 27, 2027 deadline, and Plaintiff will confer in good faith with Defendant regarding the reasonable sequencing of discovery within that period.

**Defendant's Position**

Defendant respectfully requests that the court issue an order directing that a threshold discovery phase be conducted first. The first phase of discovery will be devoted to determining, as a threshold matter, whether Plaintiff received more than one call from Defendant after his number had been on the National Do-Not-Call Registry for at least 31 days and whether he consented to receive the call(s). The second phase, if necessary, will involve class and merits discovery (e.g. whether the R. 23 factors can be satisfied and whether and the extent to which the safe harbor defenses apply). Phased discovery is appropriate and will be more efficient than a unitary discovery approach.

B. Anticipated number of interrogatories per Party: **25**

C. Anticipated number of depositions per Party:

**Plaintiff anticipates approximately 3-5 depositions, within the presumptive limit under Fed. R. Civ. P. 30(a)(2)(A)(i), including Defendant's Rule 30(b)(6) designee, Lamarre Touissaint, and Rule 30(b)(6) designees of the entities that placed or transferred the calls and generated the lead on which Defendant relies.**

**Defendant anticipates 3-4 depositions, including Plaintiff, any experts, and any third parties who placed or are alleged to have placed the calls.**

D. To the extent either Party proposes to exceed the presumptive limits in the Federal Rules of Civil Procedure for discovery, explain the basis for that proposal: **N/A**

E. Do the Parties anticipate the need for any third-party discovery? If so, identify the likely third-parties and the discovery to be sought.

**Plaintiff's Position**

Yes. Plaintiff has served subpoenas and anticipates serving additional subpoenas on, among others, the carriers and telephone providers associated with the calls at issue, the operator of any source of consent, any lead generator, aggregator, or broker, the broker or call center that Defendant contends placed the calls and transferred Plaintiff to Defendant, any consent vendor, and any dialing platform or telephone vendors. This discovery will seek the call detail records, lead and consent records, contracts, and communications needed to establish who placed the calls, on whose behalf, and to whom else similar calls were placed.

**Defendant's Position**

Defendant reserves the right to issue subpoenas as discovery continues and as needed. Defendant also reserves the right to object or move to quash subpoenas issued by Plaintiff.

Defendant does not presently anticipate the need to issue subpoenas or engage in third party practice but reserves the right to do so.

F. Do the Parties anticipate the need for experts? If so, identify the subjects on which the expert(s) may opine.

**Plaintiff's Position**

Plaintiff anticipates offering expert testimony on the analysis of call detail, dialer, and transfer records, including identifying calls made to numbers registered on the National Do Not Call Registry, identifying residential numbers, and identifying class members. If necessary, Plaintiff may also offer expert testimony on the lead and consent data on which Defendant relies, including the reliability of that data.

**Defendant's Position**

Defendant anticipates designating rebuttal experts in the event Plaintiff designates experts. Defendant reserves the right to offer expert testimony on any issues for which it bears the burden.

## IV. Status of Discovery

The Parties must summarize the status of discovery to-date. If nothing has been done in terms of discovery, the Parties should explain why. In general, the Court prefers the parties to begin discovery prior to the Rule 16 conference.

On or about November 10th, Plaintiff propounded written discovery requests and served notices of three subpoenas. Defendant served initial discovery requests on November 17, 2026. Plaintiff's discovery requests and subpoenas are not limited to Plaintiff's individual claims, and Plaintiff has not agreed to defer responses to any of them pending a ruling on Defendant's request for phased discovery.

Defendant asserts that the subpoenas appear to have been issued, but not served, on November 10th with a compliance or return date of November 20th. Accordingly, the subpoenas are unreasonable and violative of R. 45. Defendant reserves the right to interpose scope objections and additional objections. The parties are communicating about a meet and confer date and time.

## V. Proposed Case Management Deadlines

When completing this section, the Parties should presume that the Court will <u>not</u> bifurcate fact and expert discovery. Therefore, the Parties should propose dates that take that presumption into account.

A. Deadline to serve initial disclosures under Rule 26(a)(1) (*must be exchanged at least one (1) business day before Rule 16 conference): **November 27, 2026**

B. Deadline to amend pleadings to add claims or Parties (*must be as early as practicable to avoid prejudice or unnecessary delays): **February 26, 2027**

C. Deadline for affirmative expert reports (if any) and disclosure of lay witness opinion testimony with related information and documents (if any): **April 15, 2027**

D. Deadline for rebuttal expert reports (if any): **May 13, 2027**

E. Deadline to complete discovery: **May 27, 2027**

F. If any Party seeks more than 120 days for fact discovery, explain why

**Defendant's Position**

This is a putative class action requiring non-party discovery and class discovery. Moreover, as set forth above, Defendant asserts that phased or threshold discovery is appropriate in this case.

**Plaintiff's Position**

Plaintiff agrees that a discovery period longer than 120 days is warranted and that discovery should close on May 27, 2027. This is a putative class action that will require third-party discovery and it may require joinder of additional parties once those entities are identified. The parties agree that all discovery, including class discovery, can be completed within that period. Plaintiff opposes phased or threshold discovery for the reasons set forth in Section III.A.

G. Deadline to file motion for summary judgment: **45 days after a ruling on plaintiff's class certification motion.**

Deadline to file motion for class certification: **June 28, 2027 (30 days after the close of discovery)**

H. Trial date and estimated duration of trial: **Both parties have demanded a jury trial. Plaintiff estimates 2-3 days for trial of his individual claim and 5-7 days if a class is certified, and proposes that a trial date be set after the Court rules on class certification and any motions for summary judgment.**

## VI. Deposition Scheduling

The Court expects the Parties to meet and confer as soon as practicable to set aside dates to hold open for depositions before the close of discovery. If the Parties have not already done so, the Court will order the Parties to do so within two weeks of the Rule 16 conference.

Have the Parties set aside dates for deposition? ___ Yes **_X_** No

If yes, what are those dates? ______________________________________________

If no, when do the parties intend to confer, and how many dates do they intend to set aside?

**The parties will confer within two weeks of the Rule 16 conference, after Defendant has responded to Plaintiff's written discovery, and anticipate setting aside approximately six dates.**

## VII. Electronic Discovery

**Prior to the Rule 16 conference**, the Court expects the Parties to have a thorough discussion about electronic discovery, including but not limited to: (1) the need for electronically stored information ("ESI"); (2) sources of ESI; (3) the anticipated scope of electronic discovery; (4) the identity of potential custodians; (5) whether search terms will be necessary and, if so, any limitations thereto; (6) the respective burdens of collecting, reviewing, and producing ESI, including any claims for cost-shifting under the Federal Rules of Civil Procedure; and (7) any anticipated problems with electronic discovery. The Parties should summarize their discussion on these issues here. The Court expects counsel who attends the Rule 16 conference to be familiar with and able to discuss any ESI-related issues that might arise.

In addition, the Parties should state whether they have agreed to an ESI stipulation. If so, **the Parties should submit the stipulation to the Court in advance of the Rule 16 conference**. If not, the Parties should identify what issues need to be resolved to finalize the stipulation.

**The parties have discussed ESI issues and agree that this case will not pose substantial ESI issues, nor do they believe there is a need to identify potential custodians or search terms. The parties anticipate that the respective burdens of collecting, reviewing, and producing ESI will be minimal. Accordingly, the parties do not request entry of an ESI order at this time. The parties believe that relevant ESI will be located in the Defendant's own calling**

**records, the records of any vendors that Defendant hired, as well as telephone companies and similar third parties involved in the conduct at issue.**

## VIII. Protective Orders and Confidentiality Agreements

The Parties should indicate whether they anticipate the need for a protective order in this case. If so, the Parties must explain what type of information needs protection from disclosure and why such protection is warranted under governing standards. In addition, the Parties are directed to Judge Pozos' Policies and Procedures concerning Protective Orders and Confidentiality Agreements.

**The parties anticipate the need for a protective order. Discovery will include calling records and lead and consent data of Defendant and third parties that contain the telephone numbers and other personal information of non-party consumers, as well as Defendant's contracts and pricing with its vendors, which Defendant may contend is confidential commercial information. The parties will confer and submit a proposed stipulated protective order consistent with Judge Pozos' Policies and Procedures.**

## IX. Alternative Dispute Resolution

A. Have the Parties engaged in any settlement discussions? If so, set forth the status of those negotiations. If not, explain why not.

Plaintiff's counsel discussed potential resolution with Defendant's prior counsel. Plaintiff's position is that this is a class case, and Plaintiff will evaluate any potential resolution once Defendant produces its outbound calling data and the consent data on which it relies, including the numbers called, the dates and times of the calls, and any

consent Defendant contends applies to each call. Plaintiff has advised Defendant that he is willing to receive that data informally, in advance of formal discovery, to facilitate those discussions.

B. Have the Parties explored or considered other forms of alternative dispute resolution? If so, summarize those efforts. If not, state the Parties' positions with respect to ADR, as required under Local Rule of Civil Procedure 53.3.

**Plaintiff's Position**

Plaintiff is amenable to private mediation or a settlement conference before a Magistrate Judge once Defendant has produced the calling and consent data described above, which will allow the parties to evaluate the size of the class and the propriety of a class posture.

**Defendant's Position**

Defendant is amenable to private mediation or a settlement conference before the Magistrate Judge.

C. Identify the individual who will attend the Rule 16 conference who will have authority to discuss settlement.

**For Plaintiff: Andrew Roman Perrong.**

**For Defendant: Joseph Lipari**

## X. Consent to Send Case to a Magistrate Judge

The Parties should indicate whether they consent to have a United States Magistrate Judge conduct any or all proceedings in this case, pursuant to 28 U.S.C. § 636(c).

**No.**

## XI. Policies and Procedures

Judge Pozos' Policies and Procedures are available for the Parties to review on the Court's website. By signing below, counsel for each Party and/or each *pro se* Party represents that he or she has reviewed the Judge's Policies and Procedures and acknowledges the requirements contained therein. The Parties and their counsel further acknowledge by signing below that Judge Pozos will strike pleadings and other submissions that do not comply with his Policies and Procedures.

## XII. Other Matters

The Parties should identify any other issues that have not been addressed above but may require the Court's attention (e.g., anticipated motions, bifurcation, privilege issues, etc.).

**Plaintiff's Position**

The parties disagree whether discovery should be phased, as set forth in Sections III.A and V.F, and request the Court's guidance at the Rule 16 conference. Plaintiff anticipates that discovery, including responses to the subpoenas Plaintiff has already served, may identify additional parties responsible for the calls, including the entities that placed and transferred them and generated the lead on which Defendant relies. Plaintiff may seek leave to amend to join those parties by the deadline to amend pleadings. Plaintiff anticipates moving for class certification by the deadline proposed in Section V.G.

Date: November 19, 2026

| Counsel for Plaintiff | Counsel for Defendant |
|---|---|
| /s/ Andrew Roman Perrong<br>Andrew Roman Perrong<br>PERRONG LAW LLC<br>1669 Edgewood Road, Suite 218 | /s/ Joseph Lipari<br>Joseph Lipari (with permission)<br>SULTZER & LIPARI<br>85 Civic Center Plaza, Suite 200 |

Yardley, PA 19067
(215) 225-5529
a@perronglaw.com

*Attorney for Plaintiff and the Putative Class*

Poughkeepsie, NY 12601
(845) 483-7100
Liparij@thesultzerlawgroup.com

*Attorney for Defendant*